UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
**LAUREN MIRANDA,**

                           Plaintiff,

      -*against*-                                 **COMPLAINT**

**SOUTH COUNTRY CENTRAL
SCHOOL DISTRICT, JOSEPH GIANI,
NELSON BRIGGS, TIM HOGAN, ERIKA
DELLA ROSA, CHERYL A. FELICE,
REGINA HUNT, LISA DI SANTO,
ANTHONY GRIFFIN, CAROL MALIN,
JACK NIX, CHRIS PICINI, CHRISTINE FLYNN,**

                           Defendants.
---------------------------------------------------------------X

      Lauren Miranda, by her attorneys Ray, Mitev & Associates, LLP, hereby complains against Defendants as follows:

## PARTIES

1.  Plaintiff Lauren Miranda at all times relevant herein was a resident of Suffolk County, in the State of New York.

2.  Defendant South Country Central School District ("SCCSD") at all times relevant herein was a public school formed as a school district, and operating under the laws of the State of New York, whose principal place of business is in Suffolk County, in the State of New York. Defendant SCCSD has a Board of Education, whose Board members act as its agents.

3.  Defendant Joseph Giani, Superintendent of Schools of SCCSD, at all times relevant herein was a resident of the State of New York.

4.  Defendant Nelson Briggs, Assistant Superintendent of Schools of SCCSD, at all times relevant herein was a resident of the State of New York.

1

5.   Defendant Tim Hogan, Principal of SCCSD, at all times relevant herein was a resident of the State of New York.

6.   Defendant Erika Della Rosa, Assistant Principal of SCCSD, at all times relevant herein was a resident of the State of New York.

7.   Defendant Cheryl A. Felice, Board of Education President of SCCSD, at all times relevant herein was a resident of the State of New York.

8.   Defendant Regina Hunt, Board of Education Vice President of SCCSD, at all times relevant herein was a resident of the State of New York.

9.   Defendant Lisa Di Santo, Board of Education Trustee of SCCSD, at all times relevant herein was a resident of the State of New York.

10. Defendant Anthony Griffin, Board of Education Trustee of SCCSD, at all times relevant herein was a resident of the State of New York.

11. Defendant Carol Malin, Board of Education Trustee of SCCSD, at all times relevant herein was a resident of the State of New York.

12. Defendant Jack Nix, Board of Education Trustee of SCCSD, at all times relevant herein was a resident of the State of New York.

13. Defendant Chris Picini, Board of Education Trustee of SCCSD, at all times relevant herein was a resident of the State of New York.

14. Defendant Christine Flynn, District Clerk of SCCSD, at all times relevant herein was a resident of the State of New York.

**JURISDICTION**

15.     This Court has federal question jurisdiction in this case, pursuant to 28 U.S.C. § 1331, as the claims arise under Title IX of the Education Amendments Act of 1972, 20 U.S.C.A. § 1681, *et seq*. and 42 U.S.C. § 1983.

16.     Additionally, this Court has supplemental jurisdiction in this case, pursuant to 28 U.S.C. § 1367, over Plaintiff's claim under Article 15 of the Executive Law of the State of New York. Said claim forms part of the same case or controversy as the original claims under Title IX and 42 U.S.C. § 1983, pursuant to Article III of the United States Constitution.

**VENUE**

17. Venue is proper because Defendant SCCSD's principal place of business is within the County of Suffolk, which is within the Federal Eastern District of New York, pursuant to 28 U.S.C. § 1391. Further, the acts complained of herein also occurred within the County of Suffolk.

**FACTS**

18. In or about January 2019, Plaintiff was a full-time probationary middle school math teacher in the Defendants' public school.

19. On or about January 11, 2019, upon information and belief, South Country Central School District (Defendant/Defendants) came into possession of a "selfie" – a photograph taken on Plaintiff's cell phone -- of Plaintiff frontally in her natural state from her waistline to the top of her head, snapshotting herself.

20. Plaintiff disclosed to Defendants' agents that Plaintiff had made said selfie and had privately sent it by cellphone to a teacher in Defendants' District with whom Plaintiff had a relationship, and to no one else.

3

21. Defendants represented to Plaintiff that Defendants had knowledge that Plaintiff had not disseminated the photo to any students.

22. Defendants knew and should have known that Plaintiff took no steps whatsoever to provide said selfie to any student.

23. Plaintiff was nonetheless therefore immediately removed from work with students and directed to remain at home.

24. Upon information and belief, the male teacher employee of the Defendants to whom Plaintiff conveyed said selfie, and who possessed same, was not disciplined by Defendants, up to the time that Plaintiff was discharged.

25. Upon information and belief, Defendants thereupon determined to conduct an investigation as to the said selfie, and purportedly did so.

26. On or about January 14, 2019, Defendant via its administrative agents, interrogated Plaintiff regarding the said selfie, with the intention of humiliating, embarrassing, and berating Plaintiff because she is a female and her female breasts were depicted in the selfie, and then did in fact carry out these intentions for unlawful discriminatory purposes as aforesaid.

27. In or about January 31, 2019, Defendants announced to Plaintiff that Plaintiff was to be summarily discharged from employment with Defendant due to the photo depicting Plaintiff as a topless female.

28. On or about March 27, 2019, Defendants discharged Plaintiff from employment, with separation of employment to occur 30 days thereafter.

29. Defendants determined the aforesaid discharge because of Plaintiff's gender, in that Plaintiff's female breasts appeared in said selfie, and Plaintiff is a female with female breasts.

4

30. Upon information and belief, said investigation was intentionally and willfully foreshortened, incomplete, and designed to cause Defendants to arrive at a foregone conclusion to fire Plaintiff because Plaintiff's female breasts were out in the photo because Plaintiff is a female.

31. By reason of the depiction in the selfie of Plaintiff's female breasts, Defendant, via its administrative standard, suspended Plaintiff from employment by placing Plaintiff upon administrative leave, with pay.

32. Defendant Giani indicated to Plaintiff in or about January, 2019 that Plaintiff was going to receive tenure, but that Plaintiff had to be terminated from employment due to her depiction as a female with female breasts.

33. Upon information and belief, Defendants willfully, intentionally and grossly negligently failed and refused to conduct a full and adequate aforesaid investigation before determining to terminate Plaintiff's employment, because Defendants had determined to terminate Plaintiff's employment based upon her gender.

34. Defendants thereupon proceeded with steps to terminate Plaintiff's employment with Defendant district, and terminated Plaintiff accordingly on or about April 26, 2019.

35. Defendants unlawfully discriminated against Plaintiff in suspending her work and terminating her employment on the basis of her gender as a female.

36. Upon information and belief, male persons whose natural breasts were exposed from the waist up were never investigated as to their aforesaid exposure, nor disciplined, nor terminated.

37. Defendants unlawfully discriminated against Plaintiff on the basis of her gender as a female by treating Plaintiff unequally and inferior to males in disciplining her, suspending her work, and terminating her employment because she was a female with female breasts which were observable in the photo.

**AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS ACT OF 1972, 20 U.S.C.A, § 1681, *et seq.***

38. Plaintiff re-affirms and re-incorporates by reference the preceding paragraphs as though fully set forth herein.

39. Upon information and belief, Defendant District at all times received federal financial assistance.

40. Upon information and belief, none of the exceptions set forth in 20 U.S.C. § 1681 apply to Plaintiff or Plaintiff's allegations in this complaint.

41. At all times, Defendant District is an educational institution as defined in 20 U.S.C. § 1681(8)(c), and the remaining Defendants were agents and employees thereof.

42. By reason of the foregoing, Plaintiff was excluded from participation in, and was denied the benefits of the programs and activities of the Defendants which receive federal funds, and was subjected to discrimination under such programs and activities.

43. Each Defendant engaged in the discriminatory actions set forth above.

44. By reason of the foregoing, each Defendant has damaged Plaintiff and is liable to Plaintiff for such damage in the sum of $20,000,000.00, and for punitive damages in a sum to be determined by the trier of fact, and for attorney's fees, costs and disbursements, and for injunctive relief restoring Plaintiff to her employment with Defendant and to her attendant benefits of employment.

**AS AND FOR A SECOND CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983**

45. Plaintiff re-affirms and re-incorporates by reference the preceding paragraphs as though fully set forth herein.

46. At all times, Defendants each were state actors acting under the color of New York State law engaging in the aforesaid discriminatory acts against Plaintiff.

47. At all times, each Defendant acted as aforesaid to deprive Plaintiff of her civil rights to her employment and benefits thereof, and to her good reputation and career.

48. Plaintiff was in fact deprived of her foregoing rights by the said acts of each Defendant acting under the color of state law.

49. By reason of the foregoing, each Defendant has damaged Plaintiff and is liable to Plaintiff for such damage in the sum of $20,000,000.00, and for punitive damages in a sum to be determined by the trier of fact, and for attorney's fees, costs and disbursements, and for injunctive relief restoring Plaintiff to her employment with Defendants and to her attendant benefits of employment.

### AS AND FOR A THIRD CAUSE OF ACTION FOR VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

50. Plaintiff re-affirms and re-incorporates by reference the preceding paragraphs as though fully set forth herein.

51. At all times, Plaintiff was a female citizen of the United States, and as a female was entitled to the equal protection of laws of each state and of the United States.

52. At all times, Plaintiff, as a female, was entitled to protection of law equal to the protection of law given to males in the United States.

53. By reason, of the foregoing, each Defendant acted to deprive, and did deprive, Plaintiff, as a female, of the equal protection of law guaranteed by the Fourteenth Amendment of the United States Constitution.

54. By reason of the foregoing, each Defendant has damaged Plaintiff and is liable to Plaintiff for such damage in the sum of $20,000,000.00, and for punitive damages in a sum to be determined by the trier of fact, and for attorney's fees, costs and disbursements, and for

7

injunctive relief restoring Plaintiff to her employment with Defendants and to her attendant benefits of employment.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR VIOLATION OF ARTICLE 15 OF THE EXECUTIVE LAW OF THE STATE OF NEW YORK

55. Plaintiff re-affirms and re-incorporates by reference the preceding paragraphs as though fully set forth herein.

56. At all times, Article 15 of the Executive Law of the State of New York prohibits Defendants from discriminating against Plaintiff due to her sex and gender.

57. By reason of the foregoing, each Defendant acted to discriminate against Plaintiff on the basis of her sex and gender.

58. By reason of the foregoing, each Defendant has damaged Plaintiff and is liable to Plaintiff for such damage in the sum of $20,000,000.00, and for punitive damage in a sum to be determined by the trier of fact, and for attorney's fees, costs and disbursements, and for injunctive relief restoring Plaintiff to her employment with Defendants and to her attendant benefits of employment.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e *et seq.*

59. Plaintiff re-affirms and re-incorporates by reference the preceding paragraphs as though fully set forth herein.

60. 42 U.S.C. 2000e *et seq*. prohibits each Defendant from discharging from employment and from discriminating in employment against Plaintiff based upon her sex and gender.

61. At all times herein, by reason of the foregoing, each Defendant unlawfully acted to discharge Plaintiff from employment, and discharged Plaintiff from employment.

8

Case 2:20-cv-00104-BMC   Document 1   Filed 01/06/20   Page 9 of 11 PageID #: 26

62. At all times herein, by reason of the foregoing, each Defendant unlawfully acted to discriminate in employment against Plaintiff, and discriminate in employment against Plaintiff, based upon her sex and gender.

63. By reason of the foregoing, Plaintiff has been discriminated against in employment based upon her sex and gender, in the sum of $20,000,000.00 in benefits and employment.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1985.3 *et seq.*

64. Plaintiff re-affirms and re-incorporates by reference the preceding paragraphs as though fully set forth herein.

65. 42 U.S.C. § 1985 *et seq.* prohibits each Defendant from conspiring together to violate Plaintiff's aforesaid civil rights.

66. At all times herein by reason of the foregoing, each Defendant unlawfully conspired together to deprive Plaintiff of her foregoing civil rights, and deprived Plaintiff of her said civil rights, acting in concert with one another and colluding with one another to do so.

67. By reason of the foregoing, Plaintiff has been deprived of her civil rights, in the sum of $20,000,000.00 in benefits of employment.

## AS AND FOR A SEVENTH CAUSE OF ACTION UNDER 42 U.S.C. § 1988

68. Plaintiff re-affirms and re-incorporates by reference the preceding paragraphs as though fully set forth herein.

69. 42 U.S.C. § 1988 permits the Court to award attorney's fees to Plaintiff as costs in the aforesaid federal causes of action.

70. By reason of the foregoing, Plaintiff should be awarded Plaintiff's entire attorney's fees as costs in the aforesaid federal causes of action.

71. Plaintiff has no other adequate remedy at law.

72. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays for judgment on each cause of action, in the minimum amount of $20,000,000.00, and for punitive damages in a sum to be determined by the trier of fact, and for attorney's fees, costs and disbursements, and for injunctive relief restoring Plaintiff to her employment with Defendants and to Plaintiff her attendant benefits of employment, and for Plaintiff's entire attorney's fees as costs herein under 42 U.S.C. § 1988, and for any other proper and just relief.

Dated: Miller Place, New York
         Jan. 6, 2020

John Ray, Esq.
Ray, Mitev & Associates, LLP
*Attorney(s) for Plaintiff*
Address:
122 North Country Road
P.O. Box 5440
Miller Place, New York 11764
Phone No.: (631) 473-1000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT

---

Case No.:                          Year: 2020               Hon.:

---

**LAUREN MIRANDA,**

Plaintiff,

*-against-*

**SOUTH COUNTRY CENTRAL
SCHOOL DISTRICT, JOSEPH GIANI,
NELSON BRIGGS, TIM HOGAN, ERIKA
DELLA ROSA, CHERYL A. FELICE,
REGINA HUNT, LISA DI SANTO,
ANTHONY GRIFFIN, CAROL MALIN,
JACK NIX, CHRIS PICINI, CHRISTINE FLYNN,**

Defendants.

## COMPLAINT

**RAY, MITEV & ASSOCIATES, LLP**
*Attorney(s) for Plaintiff*
122 North Country Road
P. O. Box 5440
Miller Place, New York 11764-1117
(631) 473-1000

---

To:                                              Certification (Rule 11)
   Attorney(s) for Defendants

....................................................
John Ray,  Esq.

---

Service of a copy of the within                                  is hereby admitted.
Dated,

Attorney(s) for                          ............................................

Dated: Jan. 6, 2020                      Yours, etc
                                         **RAY, MITEV & ASSOCIATES, LLP**
                                         *Attorneys for Plaintiff*
                                         122 NORTH COUNTRY ROAD
                                         P.O. BOX 5440
                                         MILLER PLACE, NEW YORK 11764-1117
                                         (631) 473-1000