

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

STEVEN C. STERN
SSTERN@SOKOLOFFSTERN.COM

January 28, 2020

By ECF
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza E
Brooklyn, New York 11201

        Re:    *Miranda v. South Country Central School District et. al.*
        Docket No.    20 Civ. 00104 (BMC)
        File No.    190043

Your Honor:

      This firm represents defendants South Country Central School District, Joseph Giani, Nelson Briggs, Tim Hogan, Erika Della Rosa, Lisa Di Santo, Jack Nix, Chris Picini, and Christine Flynn.[1] Under Rule III(A) of Your Honor's Individual Practices, we write to request a pre-motion conference in anticipation of moving to dismiss under Fed. R. Civ. P. 12(b)(1) and (6).

      The Complaint is deliberately cryptic. In a nutshell, Plaintiff was a probationary middle school math teacher, who was terminated after she sent another teacher a topless "selfie" that circulated throughout the students in the middle school where she taught. In addition to the substantial disruption caused by the naked photo, she initially falsely denied to the administration that she had sent the photo to anyone (let alone a colleague), and made other troubling statements during the District's investigation.

      The Complaint alleges the following timeline of events: (a) on January 11, 2019, the District came into possession of a selfie that depicted her "frontally in her natural state from her waistline to the top of her head"; (b) the District commenced an investigation regarding the selfie; (c) while interviewed by District administrators, Plaintiff admitted she sent the selfie to a fellow teacher in the District with whom she had a relationship; (d) on January 31, 2019, Plaintiff was notified she would be discharged from employment and was placed on paid administrative leave; and (e) on March 27, 2019, the District terminated Plaintiff's employment, with her official separation 30 days later.[2] Plaintiff also asserts Defendants somehow knew and should have known

---

[1] Upon information and belief, Cheryl A. Felice, Regina Hunt, Anthony Griffin, and Carol Malin were never served, as they are no on the Board of Education.

[2] Plaintiff's Notice of Claim included additional details omitted from the Federal pleading: (a) the District obtained the selfie from a student in the middle school; (b) Plaintiff requested, and the District provided, in writing, the reasons for her termination; and (c) Defendants concluded Plaintiff was not a role model for students. Notably, Plaintiff testified at her Gen. Mun. Law § 50-h hearing that it would not have been improper for her to have given the photos directly to her middle school students "because that's my upper torso."

SOKOLOFF STERN LLP

Honorable Brian M. Cogan
January 28, 2020
Page 2 of 4

that she did not directly provide her topless photo to students, and that her boyfriend was not disciplined "up to the time that Plaintiff was discharged." He was a tenured teacher.

Plaintiff alleges gender discrimination under Title VII, Title IX, Section 1983, and the NYSHRL, which are all subject to the same analysis. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000); *St. Juste v. Metro Plus Health Plan*, 8 F. Supp. 3d 287, 304 (E.D.N.Y. 2014). The Complaint alleges Plaintiff was terminated because "Plaintiff's female breasts were out in the photo because Plaintiff is a female." It conclusorily asserts, "[u]pon information and belief, male persons whose natural breasts were exposed from the waist up were never investigated as to their aforesaid exposure, nor disciplined, nor terminated."

A plaintiff relying on disparate treatment to state a claim "must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 70 (2d Cir. 2016) (citation omitted). The Complaint fails to identify, let alone describe, any male comparators who transmitted topless photos of themselves that circulated among their young students. Plaintiff's comparison also assumes that the dissemination of a topless photo of a male teacher would engender the same level of disruption caused by Plaintiff's photo, which is unlikely. The only male referenced in the Complaint is the male teacher to whom Plaintiff admits having sent the topless photo. He is not a comparator: there is no allegation he took and transmitted a topless photo of himself that circulated throughout the school, and Plaintiff does not allege he disseminated her photo. Also, he is a tenured teacher in the District; Plaintiff was probationary.

Plaintiff's failure to adequately plead a comparator is fatal to her claim. *See Smith v. Factory Direct Enterprises LLC*, No. 2:18-CV-3463(ADS)(AYS), 2019 WL 4221059, at *8 (E.D.N.Y. Sept. 5, 2019) ("Absent allegations plausibly suggesting that the male colleagues who purportedly received superior treatment were similarly situated to [plaintiff] in all relevant respects … [plaintiff's] conclusory assertions of differential treatment do no permit a plausible inference of gender discrimination.") (quoting *Sank v. City Univ. of New York*, No. 10 CIV. 4975, 2011 WL 5120668, at *11 (S.D.N.Y. Oct. 28, 2011)). In *Smith*, Judge Spatt aptly held, "If the Plaintiff intends to assert causation based solely on the existence of comparators, as it appears she does, she must include significantly more detail demonstrating that those comparators were similarly situated in all material respects. It is not enough to broadly allege that she is a female and the Defendants did not terminate any male sales managers." *Id.* Plaintiff's simplistic allegation that she was terminated because she is a "female with female breasts" is precisely the type of allegation that is too conclusory to withstand a motion to dismiss. After all, Plaintiff was a "female with female breasts" when she was hired.

Even if Plaintiff had identified a male comparator who sent a topless photo to a colleague, and it circulated throughout the school, she still fails to state a claim. Most courts throughout the country that have considered challenges to ordinances that prohibited women from exposing their nipples in public have upheld them. *See, e.g. Free the Nipple - Springfield Residents Promoting*

SOKOLOFF STERN LLP

Honorable Brian M. Cogan
January 28, 2020
Page 3 of 4

*Equal. v. City of Springfield, Missouri*, 923 F.3d 508, 510 (8th Cir. 2019); *Tagami v. City of Chicago*, 875 F.3d 375 (7th Cir. 2017), *as amended* (Dec. 11, 2017), but see *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 802 (10th Cir. 2019). This case does not involve the prohibition or regulation of female toplessness in public places. It involves an inappropriate photo disseminated in a school with young children; different considerations apply. Even if Defendants had terminated Plaintiff solely because she sent the topless photo to another teacher, and failed to adequately protect it from circulating throughout the school, it would still survive intermediate scrutiny. Defendants' actions were substantially related to an important governmental purpose: preventing the disruption to the school environment caused by students having a naked photo of their teacher.

There are other reasons for dismissal of particular claims. Plaintiff's Title VII and Title IX claims should be dismissed against the individual Defendants because there is no individual liability under either statute. *See Lore v. City of Syracuse*, 670 F.3d 127, 144 (2d Cir. 2012). The Court should dismiss Plaintiff's Section 1983 and NYSHRL claims against Briggs, Hogan, Rosa, Di Santo, Nix, Picini, and Flynn because the Complaint does not allege they were personally involved in the alleged constitutional violations. *See Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015); *see also Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 493 (E.D.N.Y. 2015).[3] Regardless, the Notice of Claim does not even mention a NYSHRL claim, as required under Education Law § 3813. *See Santiago v. Newburgh Enlarged City Sch. Dist.*, 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006). Nor does the Complaint allege Plaintiff received a "right to sue letter" from the EEOC, which is a statutory prerequisite to her Title VII claim. *See Hladki v. Jeffrey's Consol., Ltd.*, 652 F. Supp. 388, 392 (E.D.N.Y. 1987).

Plaintiff does not state a viable § 1985 conspiracy claim either, as it is barred by the intra-corporate conspiracy doctrine. *Edmond v. Longwood Cent. Sch. Dist.*, No. 16 CV 2871 (RJD), 2019 WL 4889185, at *10 (E.D.N.Y. Sept. 30, 2019). Officers and employees of a single municipal entity acting within the scope of their employment (as all the Defendants were), are "legally incapable of conspiring with each other." *Id*. (quoting *Varricchio v. Cty. of Nassau*, 702 F. Supp. 2d 40, 62 (E.D.N.Y. 2010)). Regardless, the Complaint is devoid of the required specific factual allegations demonstrating a conspiracy. *See Vertical Broad., Inc. v. Town of Southampton*, 84 F. Supp. 2d 379, 390 (E.D.N.Y. 2000).

We look forward to discussing these issues at a pre-motion conference.

Respectfully submitted,

SOKOLOFF STERN LLP

*/s/ Steven C. Stern*

STEVEN C. STERN

cc: Ray, Mitev & Associates, LLP [via ecf]

---

[3] The Complaint also fails to allege any personal involvement by former Trustees Cheryl A. Felice, Regina Hunt, Anthony Griffin, and Carol Malin who, upon information and belief, have not been served.

SOKOLOFF STERN LLP

Honorable Brian M. Cogan
January 28, 2020
Page 4 of 4