UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAUREN MIRANDA,

                Plaintiff,

-against-

SOUTH COUNTRY CENTRAL SCHOOL DISTRICT, JOSEPH GIANI, NELSON BRIGGS, TIM HOGAN, ERIKA DELLA ROSA, CHERYL A. FELICE, REGINA HUNT, LISA DI SANTO, ANTHONY GRIFFIN, CAROL MALIN, JACK NIX, CHRIS PICINI, CHRISTINE FLYNN,

                Defendants.

Docket No.
20 Civ. 00104 (BMC)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION

SOKOLOFF STERN LLP
*Attorneys for Defendants South Country Central School District and Joseph Giani*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 190043

Of Counsel:
  Steven C. Stern
  Chelsea Weisbord

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ II

PRELIMINARY STATEMENT ......................................................................................................... 1

PROCEDURAL HISTORY ................................................................................................................ 2

STANDARD OF REVIEW ................................................................................................................. 4

ARGUMENT ...................................................................................................................................... 6

    THE COURT SHOULD GRANT JOSEPH QUALIFIED IMMUNITY TO
    CORRECT AN ERROR AND PREVENT MANIFEST INJUSTICE ........................................................ 6

CONCLUSION ................................................................................................................................ 10

# **TABLE OF AUTHORITIES**

CASES

*Anderson v. Creighton*,
   483 U.S. 635, 107 S. Ct. 3034 (1987) ..............................................................................6, 7

*Ashcroft v. al-Kidd*,
   563 U.S. 731, 131 S. Ct. 2074 (2011) ................................................................................... 9

*Barnes v. Glen Theatre, Inc.*,
   501 U.S. 560, 111 S.Ct. 2456 (1991) .................................................................................... 8

*Birch v. City of New York*,
   184 F. Supp. 3d 21 (E.D.N.Y. 2016) ..................................................................................... 6

*Brewer v. Hall*,
   No. 00-CV- 6072 (ADS), 2005 WL 8161229 (E.D.N.Y. Feb. 14, 2005) ................................ 4

*Buzzetti v. City of New York*,
   140 F.3d 134 (2d Cir. 1998) .................................................................................................. 8

*Knipe v. Skinner*,
   999 F.2d 708 (2d Cir. 1993) .................................................................................................. 7

*Lindsey v. Butler*,
   No. 11 CIV. 9102 ER, 2014 WL 5757448 (S.D.N.Y. Nov. 5, 2014) ..................................... 4

*Looney v. Black*,
   702 F.3d 701 (2d Cir. 2012) .................................................................................................. 6

*Malley v. Briggs*,
   475 U.S. 335, 106 S. Ct. 1092 (1986) ................................................................................... 7

*Mangino v. Inc. Vill. of Patchogue*,
   814 F. Supp. 2d 242 (E.D.N.Y. 2011) ................................................................................... 4

*Mitchell v. Forsyth*,
   472 U.S. 511, 105 S. Ct. 2806 (1985) ................................................................................... 8

*Mullenix v. Luna*,
   136 S.Ct. 305 (2015) .............................................................................................................. 6

*Naumovski v. Norris*,
   934 F.3d 200 (2d Cir. 2019) .................................................................................................. 9

*Pearson v. Callahan*,
   555 U.S. 223, 129 S.Ct. 808 (2009) ............................................................................................ 6

*Plumhoff v. Rickard*,
   572 U.S. 765, 134 S.Ct. 2012 (2014) .......................................................................................... 7

*Regan v. Conway*,
   768 F. Supp. 2d 401 (E.D.N.Y. 2011) ......................................................................................... 4

*Reichle v. Howards*,
   566 U.S. 658, 132 S.Ct. 2088 (2012) .......................................................................................... 7

*Rothenberg v. Daus*,
   No. 08-CV-567 SHS, 2015 WL 1408655 (S.D.N.Y. Mar. 27, 2015) ......................................... 4

*SDJ, Inc. v. City of Houston*,
   837 F.2d 1268 (5th Cir. 1988) .................................................................................................... 9

*Tagami v. City of Chicago*,
   875 F.3d 375 (7th Cir. 2017) ...................................................................................................... 8

*Tolbert v. City of Memphis*,
   568 F.Supp. 1285 (W.D. Tenn.1983) ......................................................................................... 9

*Turkmen v. Hasty*,
   789 F.3d 218 (2d Cir. 2015) ....................................................................................................... 6

*United States v. Biocic*,
   928 F.2d 112 (4th Cir.1991) ....................................................................................................... 9

*United States v. U.S. Currency in sum of Ninety Seven Thousand Two Hundred Fifty-Three Dollars*,
   No. 95-CV-3982 JG, 1999 WL 84122 (E.D.N.Y. Feb. 11, 1999) .............................................. 4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir.1992) ...................................................................................................... 4

*Ways v. City of Lincoln*,
   331 F.3d 596 (8th Cir. 2003) ...................................................................................................... 8

*Zirogiannis v. Seterus, Inc.*,
   221 F. Supp. 3d 292 (E.D.N.Y. 2016) .................................................................................... 7, 8

STATUTES

42 U.S.C. § 1983 ...............................................................................................................2, 5, 10


RULES

FED. R. CIV. P. 12(b)(1) ........................................................................................................ 2

FED. R. CIV. P. 12(b)(6) ........................................................................................................ 2

FED. R. CIV. P. 59(e) ............................................................................................................. 4

LOCAL CIVIL RULE 6.3 ........................................................................................................ 8

LOCAL CIVIL RULE 7.1 ........................................................................................................ 7

## **PRELIMINARY STATEMENT**

Defendant Joseph Giani moves for reconsideration of the denial of qualified immunity to correct a clear error and prevent manifest injustice. Dr. Giani is entitled to qualified immunity at the earliest opportunity, which is prior to discovery, because there is no clearly established law suggesting his alleged conduct violated the Equal Protection Clause of the Fourteenth Amendment.

This Court denied qualified immunity, not on the merits, but because Defendants raised the argument for the first time on reply. This occurred under the unusual circumstance in which this Court *sua sponte* deemed Defendants' three-page pre-motion letter to be its motion to dismiss, after the letter was filed. Although the pre-motion letter did not mention qualified immunity per se, counsel had a lot of ground to cover for a number of Defendants in a limited space. The letter laid out the cases demonstrating the robust consensus of Circuit cases upholding gender-based restrictions on breast exposure under the Equal Protection Clause, demonstrating the law is anything but clearly established in Plaintiff's favor. Local Civil Rule 7.1(a)(2) requires the parties to submit memoranda of law on dispositive motions. Defendants briefed qualified immunity in the first memorandum of law it was permitted to file.

Defendants respectfully submit that this Court should reconsider its prior ruling and, upon reconsideration, grant qualified immunity to Joseph Giani.

1

## **PROCEDURAL HISTORY**

Plaintiff filed this action on January 6, 2020. (Dkt. No. 1.) The complaint alleged various claims against the South Country Central School District and a host of individuals relating to Plaintiff's termination as a probationary school teacher. (*Id.*)

Rule III(A) of this Court's Individual Practices requires parties to write a letter "not to exceed three pages in length" requesting a pre-motion conference before filing a motion to dismiss. On January 28, 2020, Defendants filed a letter "request[ing] a pre-motion conference in anticipation of moving to dismiss under Fed. R. Civ. P. 12(b)(1) and (6)." (Dkt. No. 21.) Later that day, the Court waived the pre-motion conference, "deemed [the letter motion] to constitute defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6)," and set a briefing schedule only for Plaintiff's opposition and Defendants' reply. Although the letter did not specify qualified immunity, it argued and cited cases demonstrating the Equal Protection law, if anything, was established in Defendants' favor.

On February 25, 2020, Plaintiff filed opposition. (Dkt. No. 25.) On March 10, 2020, Defendants filed a reply, which was their first opportunity to submit a memorandum of law in support of their motion to dismiss. (Dkt. No. 28.) The individual Defendants argued they are entitled to qualified immunity from suit on Plaintiff's Fourteenth Amendment claim (pursuant to 42 U.S.C. § 1983) because "[t]here is no single case that suggests, under the circumstances pleaded in this case, that Defendants violated Plaintiff's clearly established and well-settled Equal Protection rights." (*Id.* at p. 17.)

On May 21, 2020, the Court issued a Memorandum Decision and Order granting in part, and denying in part, Defendants' motion to dismiss. (Dkt. No. 34.) The Court dismissed all the individual defendants from the case except for Dr. Giani. (*Id.*) The Court declined to consider Dr.

Giani's qualified immunity defense on the ground that it was raised for the first time in Defendants' reply memorandum. (Dkt. No. 34 at p. 8-9.)

## **STANDARD OF REVIEW**

A motion for reconsideration or reargument is governed by Local Civil Rule 6.3, and follows the standards set forth in Fed. R. Civ. P. 59(e). *See Brewer v. Hall*, No. 00-CV- 6072 (ADS), 2005 WL 8161229, at *1 (E.D.N.Y. Feb. 14, 2005). "The major grounds for justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Rothenberg v. Daus*, No. 08-CV-567 SHS, 2015 WL 1408655, at *2 (S.D.N.Y. Mar. 27, 2015) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)); *see also Regan v. Conway*, 768 F. Supp. 2d 401, 408 (E.D.N.Y. 2011) (citations omitted). The decision to grant or deny a motion for reconsideration falls within the sound discretion of this Court. *See Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011) (citing *United States v. U.S. Currency in sum of Ninety Seven Thousand Two Hundred Fifty-Three Dollars*, No. 95-CV-3982 JG, 1999 WL 84122, at *2 (E.D.N.Y. Feb. 11, 1999)).

Courts grant individual defendants qualified immunity on motions for reconsideration. *See, e.g. Lindsey v. Butler*, No. 11 CIV. 9102 ER, 2014 WL 5757448, at *2 (S.D.N.Y. Nov. 5, 2014) (granting qualified immunity on reconsideration of motion to dismiss where conduct did not violate clearly established First Amendment rights). *Id.* at *2; *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 245 (E.D.N.Y. 2011) (granting qualified immunity on reconsideration where no clearly established law to support plaintiff's abuse of process claim)*; Rothenberg v. Daus*, No. 08-CV-567 SHS, 2015 WL 1408655, at *2 (S.D.N.Y. Mar. 27, 2015) (granting motion for reconsideration on qualified immunity where due process right was not clearly established).

Given the Supreme Court's mandate that qualified immunity is immunity from suit to be decided at the earliest opportunity, Dr. Giani did not violate any clearly established constitutional

law, and he did not have the opportunity to meaningfully brief the issue, this Court should dismiss Plaintiff's Section 1983 claim against him on qualified immunity grounds.

## **ARGUMENT**

### **THE COURT SHOULD GRANT JOSEPH QUALIFIED IMMUNITY TO CORRECT AN ERROR AND PREVENT MANIFEST INJUSTICE**

It is well settled that qualified immunity is not just immunity from liability, but immunity from suit. Accordingly, "it is the obligation of the court to consider its availability at the earliest point in the case at which that availability can be determined." *Birch v. City of New York*, 184 F. Supp. 3d 21, 28 (E.D.N.Y. 2016), *aff'd,* 675 F. App'x 43 (2d Cir. 2017) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808 (2009) (Supreme Court "stressed the importance of resolving immunity questions at the earliest possible stage in litigation")); *see also Anderson v. Creighton*, 483 U.S. 635, 646, 107 S. Ct. 3034, 3042 (1987) ("we have emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation.")

In fact, the Supreme Court repeatedly stressed "that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials [will] be resolved <u>prior to discovery</u>." *Pearson*, 555 U.S. at 231-32 (internal quotation marks omitted; emphasis supplied) (citing *Anderson*, 483 U.S. at 640, n. 2); *Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012). Qualified immunity can be decided on purely legal grounds, even assuming the truth of all the allegations in the complaint.

"The Supreme Court's recent repeated unanimous awards of qualified immunity emphasize the narrow circumstances in which government officials may be held personally liable for their actions in suits for money damages." *Turkmen v. Hasty*, 789 F.3d 218, 281 (2d Cir. 2015). "The dispositive question is whether the violative nature of particular conduct is clearly established … [and] must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (emphasis in original). "This 'clearly established' standard protects the balance between vindication of constitutional rights and

6

government officials' effective performance of their duties by ensuring that officials can 'reasonably … anticipate when their conduct may give rise to liability for damages.'" *Reichle v. Howards*, 566 U.S. 658, 132 S.Ct. 2088, 2093 (2012) (*quoting Anderson*, 483 U.S. at 639).

It is well settled that the scope of qualified immunity is broad, and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 335, 106 S. Ct. 1092, 1093 (1986). For a plaintiff to avoid qualified immunity, "existing precedent must have placed the statutory or constitutional question confronted by the official beyond debate." *Plumhoff v. Rickard*, 572 U.S. 765, 134 S.Ct. 2012, 2023 (2014) (citation omitted). The law does anything but that here.

The Court did not decide qualified immunity on the merits; it denied qualified immunity because Defendants raised it for the first time on reply. *(*Dkt. No. 34 at p. 8-9 (citing *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) and *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016), *aff'd*, 707 F. App'x 724 (2d Cir. 2017)). The motion, however, was briefed in an unusual and unconventional manner, in which the Court *sua sponte* deemed Defendants' three-page pre-motion letter to be Defendants' complete memorandum of law. This is a process undersigned defense counsel have never previously encountered, and one not set forth in the Federal Rules, Local Rules, or this Court's Individual Practices. In fact, the Local Rules 7.1 requires a memorandum of law when briefing dispositive motions.

While counsel's pre-motion letter regrettably did not discuss qualified immunity, there was limited space to address Plaintiff's factual averments and seven causes of action on novel points of law on behalf of nine Defendants. Neither *Knipe* nor *Zirogiannis* dealt with qualified immunity, which is required to be resolved at the earliest opportunity, and neither dealt with an issue that is

7

immediately appealable, as is the denial of qualified immunity.[1] *See Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817 (1985).

The pre-motion letter did, however, show that the law is not well-settled in Plaintiff's favor; if anything, the majority of cases addressing breast exposure laws have upheld gender-based disparate treatment. (Dkt. No. 21.) While neither side was able to cite any single case with similar facts, *i.e.* where a probationary public schoolteacher was disciplined after her employee received a topless photo she sent to another teacher,[2] Defendants cited (and this Court recognized) a number of Circuit cases throughout the United States that found the exposure of female versus male breasts justified gender-based distinctions under the Equal Protection Clause. *See, e.g. Ways v. City of Lincoln*, 331 F.3d 596, 600 (8th Cir. 2003) ("[T]he city's interests in preventing the secondary adverse effects of public nudity and protecting the order, morality, health, safety, and well-being of the populace are important. The ordinance is substantially related to those objectives, and thus the higher standard is satisfied."); *Tagami v. City of Chicago*, 875 F.3d 375, 379 (7th Cir. 2017), *as amended* (Dec. 11, 2017) (finding Chicago ordinance prohibiting exposure of female breasts did not violate free speech or equal protection, recognizing physical differences between the sexes and the state authority to "provide for the public health, safety, and morals" as bases to uphold legislation) (*citing Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 560, 111 S.Ct. 2456, 2457 (1991)); *see also Buzzetti v. City of New York*, 140 F.3d 134, 142 (2d Cir. 1998) ("[A]s the district court pointed out in support of its conclusion that the Zoning Amendment was not gender-biased, numerous courts have recognized that the societal impacts associated with female toplessness [as

---

[1] In *Zirogiannis*, the court actually rejected the claim that defendant had raised an argument for the first time on reply. *Id.* at 299.
[2] The Court did not consider on the motion to dismiss that the photo was widely disseminated in the school, as the complaint left out that key fact. It does not matter for the qualified immunity analysis, as there is no clearly established law in Plaintiff's favor, even without this fact.

8

opposed to male] are legitimate bases for regulation.") (citing *United States v. Biocic,* 928 F.2d 112, 115–16 (4th Cir.1991) (upholding public indecency statute that applied to topless females but not topless males, noting that, in our society, the "erogenous zones .... still include (whether justifiably or not in the eyes of all) the female, but not the male, breast."); *SDJ, Inc. v. City of Houston,* 837 F.2d 1268, 1279–80 (5th Cir. 1988), *cert. denied,* 489 U.S. 1052, 109 S.Ct. 1310 (1989) (considering ordinance regulating adult entertainment, concluding that "[t]he district court did not err in holding that such regulation of female breasts is substantially related to the City's interest in regulation"); *Tolbert v. City of Memphis,* 568 F.Supp. 1285, 1290 (W.D. Tenn.1983) ("The only aspect of the ordinance at issue in this case that could be construed as discriminating against women on its face is directed solely against the exposure of the female breast in a public place. In our culture, for the purpose of this type [of] ordinance, female breasts are a justifiable basis for a gender-based classification.")).

  This Court recognized in its decision that neither side cited any Supreme Court or Second Circuit cases dealing with similar facts to this case, and that "qualified immunity may well apply at the summary judgment stage." (Dkt. No. 34 at p. 9 (citing *Naumovski v. Norris*, 934 F.3d 200, 211 (2d Cir. 2019).) This is because this issue, on these facts, is one of first impression. Even assuming in the truth of the facts in Plaintiff's bare-bones complaint, neither the Supreme Court nor the Second Circuit has decided a case on all fours with Plaintiff's allegations. And there is certainly no robust consensus of other circuits that Dr. Giani's conduct violated the Equal Protection Clause. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S. Ct. 2074, 2084 (2011). In other words, even if Plaintiff's allegations are accepted as true, Dr. Giani is entitled to qualified immunity because this issue was never before decided, let alone definitively determined to be a constitutional violation.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court grant reconsideration of that portion of its May 21, 2020 Memorandum of Decision and Order that denied qualified immunity to Joseph Giani and, upon reconsideration, dismiss Plaintiff's 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment's Equal Protection Clause as against him, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: Carle Place, New York
June 3, 2020

SOKOLOFF STERN LLP
*Attorneys for Defendants*

By: Steven C. Stern
Chelsea Weisbord
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 190043