```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
LAUREN MIRANDA,                                             :
                                                            :
                        Plaintiff,                          :
                                                            :       MEMORANDUM DECISION
              - against -                                   :       AND ORDER
                                                            :
SOUTH COUNTRY CENTRAL SCHOOL                                :       20-cv-104 (BMC)
DISTRICT, et al.,                                           :
                                                            :
                        Defendants.                         :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

By memorandum decision and order dated May 20, 2020, I granted in part and denied in part defendants' motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Presently before me is defendants' motion for partial reconsideration as to that part of the decision deferring consideration of qualified immunity until summary judgment. Because defendants have failed to meet the standard for reconsideration, their motion is denied.

## BACKGROUND

My prior memorandum decision and order held that, among other claims, plaintiff had stated a claim against defendant Giani under 42 U.S.C. § 1983. The decision also denied defendant Giani qualified immunity on procedural grounds. Specifically, defendants had written a detailed letter requesting a premotion conference pursuant to my individual practice rules. I deemed that letter to constitute their motion to dismiss. Defendants' letter had not mentioned qualified immunity. After plaintiff filed an opposition to the motion, defendants filed a reply that raised qualified immunity for the first time.

Before filing their reply, defendants requested a page limit waiver, but never did they seek leave to raise qualified immunity. Since it is well-established that "[a]rguments may not be raised for the first time in a reply brief," Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993), I declined to consider that argument.

Defendants now claim that the reason they failed to raise qualified immunity as a basis to dismiss the complaint was because: (1) they were caught off guard because they did not realize I might deem their letter to constitute their motion to dismiss; and (2) my individual practice rules impose a three-page limit for any letter motion requesting a premotion conference, and they lacked sufficient space to articulate this argument.[1] Both of these arguments fail.

## DISCUSSION

Motions for reconsideration are governed by Local Rule 6.3. The Rule provides that the moving party must set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are … committed to the sound discretion of the district court." Immigrant Def. Project v. U.S. Immigration and Customs Enf't, No. 14-cv-6177, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." Ortega v. Mutt, No. 14-cv-9703, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (citation omitted). "A motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

---

[1] The Court's individual practice rules state that "the moving party shall submit a detailed letter not to exceed three pages in length setting forth the basis for the anticipated motion[.]" See Individual Practices of Judge Brian M. Cogan, https://www.nyed.uscourts.gov/pub/rules/BMC-MLR.pdf.

2

Here, defendants have failed to identify any controlling law or new evidence that I overlooked. Instead, they take issue with my order deeming their four-page letter to constitute their motion to dismiss. They characterize this procedure as "unusual" and "unconventional." But they are wrong. The procedure is long-standing and common in the district courts within this Circuit. See, e.g., Sabol v. Bayer Healthcare Pharm., Inc., 439 F. Supp. 3d 131, 136 (S.D.N.Y. 2020); Yu Mei Chen v. Nielsen, 363 F. Supp. 3d 333, 339 (E.D.N.Y. 2019); Raoul v. City of New York Police Dep't, No. 14-cv-1787, 2015 WL 1014204, at *1 (E.D.N.Y. March 6, 2015); Atateks Foreign Trade Ltd. v. Dente, 798 F. Supp. 2d 506, 507 (S.D.N.Y. 2011); Joshi-Tope v. Cold Spring Harbor Laboratory, No. 07-cv-3346, 2008 WL 170661, at *1 (E.D.N.Y. Jan. 17, 2008); Bowles v. McKenny, No. 92-cv-8850, 1998 WL 310769, at *1 (S.D.N.Y. June 12, 1998). The Second Circuit has acknowledged the discretion of district courts to utilize this procedure. See Kapitalforeningen Lægernes Invest v. United Techs. Corp., 779 F. App'x 69, 70 (2d Cir. 2019) (affirming district court ruling deeming exchange of letters as motion to dismiss).

Defendants' reconsideration motion is the first time that I have been made aware that defendants had a problem with my order deeming their letter to be their Fed. R. Civ. P. 12(b)(6) motion. If defendants intended to raise qualified immunity as a basis in their motion to dismiss, they had many options to choose from besides raising it on their reply for the first time.

First, defendants could have sought leave to file a letter for a premotion conference that exceeded three-pages in length, asserting their "lack of space" argument. They were obviously aware that a party could request leave to exceed the page limitations set forth in my individual practice rules as they sought and obtained a page waiver for their reply brief.

Second, once I deemed the letter requesting a premotion conference to constitute their motion to dismiss, defendants could have asked for leave to add another ground for dismissal on

3

the same "lack of space" basis. Either the preceding option or this one would have given plaintiff an opportunity to reply to the defense, so I can't imagine why I would not have granted either one of them.

Third, defendants in fact filed a *four*-page letter requesting a premotion conference. I didn't strike the letter, and nothing prohibited them from inserting one sentence raising qualified immunity.

Fourth, defendants' letter contained an overly lengthy summary of the complaint, which could have been reduced to make space for the brief assertion of qualified immunity. They also interjected factual assertions not contained in the complaint to bolster their argument, which was improper in the Rule 12(b)(6) context. I am therefore unconvinced that the alleged "lack of space" had anything to do with defendants' failure to assert the defense of qualified immunity in their original letter.

Instead of choosing any one of these options, defendants decided to raise their qualified immunity defense for the first time on their reply brief – a practice against which the Second Circuit has emphatically and repeatedly warned. See, e.g., United States v. Sampson, 898 F.3d 287, 314 (2d Cir. 2018); Harrison v. Republic of Sudan, 838 F.3d 86, 96 (2d Cir. 2016); Knipe, 999 F.2d at 711.

As to the existence of manifest injustice, requiring defendants to wait until the end of fact discovery to assert their qualified immunity defense at summary judgment will not substantially prejudice them. As I noted in my prior decision, qualified immunity will apply, if at all, only to Giani. It is not a defense to the school district's liability under Title VII. See Abrams v. Dep't of Pub. Safety, 764 F.3d 244, 255 (2d Cir. 2014). Because he is the principal actor in this case, Giani is going to be involved in discovery in any event, whether as a witness or as a defendant.

4

## CONCLUSION

Defendants' [35] motion for reconsideration is denied.

**SO ORDERED.**

                                                               U.S.D.J.

Dated: Brooklyn, New York
       July 26, 2020