UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LAUREN MIRANDA,

                        Plaintiff,

              -against-

SOUTH COUNTRY CENTRAL SCHOOL
DISTRICT,

                        Defendant.
-------------------------------------------------------------X

**JOINT PRE-TRIAL ORDER**

Docket No.
20 Civ. 00104 (BMC)

       The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**Full Caption of the Action**

       See above.

**Trial Counsel**

       John Ray, Esq.
       John Ray and Associates
       *Attorney(s) for Plaintiff*
       122 North Country Road
       Miller Place, New York 11764
       Email: info@johnraylaw.com
       Tel: 631-473-1000
       Fax: 631-928-5385

       Steven C. Stern, Esq.
       Chelsea Weisbord, Esq.
       SOKOLOFF STERN LLP
       *Attorneys for Defendants*
       179 Westbury Avenue
       Carle Place, New York 11514
       Phone: (516) 334-4500
       Fax: (516) 334-4501

Email: sstern@sokoloffstern.com
cweisbord@sokoloffstern.com

**<u>Jurisdiction</u>**

<u>Plaintiff's Position:</u>

This Court has federal question jurisdiction in this case, pursuant to 28 U.S.C. § 1331, as the claims arise under Title IX of the Education Amendments Act of 1972, 20 U.S.C.A. § 1681, *et seq*. and 42 U.S.C. § 1983.

Additionally, this Court has supplemental jurisdiction in this case, pursuant to 28 U.S.C. § 1367, over Plaintiff's claim under Article 15 of the Executive Law of the State of New York. Said claim forms part of the same case or controversy as the original claims under Title IX and 42 U.S.C. § 1983, pursuant to Article III of the United States Constitution.

Defendant South Country Central High School's principal place of business is in Suffolk County which is within the jurisdiction of the Eastern District of New York. Likewise, all named parties either live in Suffolk County, or were employed by the School District in Suffolk County wherein these claims originate, making this court the proper venue to hear this complaint. Defendants' position as to subject matter jurisdiction was already denied by this Court. The Court's determination is the law of the case.

Defendant's position as to subject matter jurisdiction was already denied by this Court. The Court's determination is the law of the case.

<u>Defendant's Position:</u>

Defendant contests subject matter jurisdiction over Plaintiff's Title VII claim because Plaintiff did not receive, and did not plead that she received, a right to sue letter from the EEOC before filing the complaint. Defendant further contests subject matter jurisdiction over Plaintiff's state law claims under N.Y. Exec. Law § 290 *et seq.* because the Notice of Claim did not include such claims.[1]

---

[1] Defendants understand the Court addressed these issues in the motion to dismiss, but reserve their right to contest subject matter jurisdiction.

**Claims and Defenses to be Tried**

Plaintiff's Statement of Claims to be Tried:

      a) Plaintiff's first cause of action under Title IX of the Education Amendments Act of 1972, 20 U.S.C.A. §1681, *et seq*, against Defendant School District, (See Complaint pg. 6).

      b) Plaintiff's second cause of action for a violation of the 14th Amendment of the United States Constitution against Defendant School District, (See Complaint pg. 7).

      c) Plaintiff's third cause of action for a violation of article 15 of the Executive law of the State of New York against Defendant School District, (See Complaint pg. 8).

      d) Plaintiff's fourth cause of action for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*, against Defendant School District, (See Complaint pg. 8)

In particular Plaintiff will establish that the "Four Reasons" for Plaintiff's termination in Defendant Giani's 2/21/19 termination letter to plaintiff were pretextual in that Giani pre-determined that Plaintiff had to be terminated because of the nature of the photo. This particular position is based upon the Court's holding in its order of 2/7/22 that:

      a) "Trial will proceed against the Board for a determination of whether the Four Reasons are pretextual. Any remaining legal issues will then be decided by the court" (Order, Dkt. 71, Par. 11)

      b) "Although the events underlying the Four Reasons had occurred prior to the Board's January 23 meeting, Defendant Giani's talking points allude to, at most, only one of the Four reasons. Additionally, both Defendant Giani's notes and his February 4th statements to Plaintiff stress that he believed the photo's mere existence and circulation made Plaintiff's continued employment untenable. This assessment was nowhere to be found in the February 21st letter" (Id, Par. 2).

      c) "Separately, Defendant Giani's deposition testimony is some indication that he would have treated a picture of a male teacher differently, further undercutting the Four Reasons provided in the February 21st letter" (*Id*. Par 3).

If Plaintiff proves that Defendant' Four Reasons were pretextual, and the Court then renders a determination on the legal issues in Plaintiff's favor, Plaintiff would seek to prove Plaintiff's damages as to loss of tenure, loss of career, loss of benefits, and various expenses.

<u>Defendants' Summary of Defenses to be Tried</u>:

a) Plaintiff has no direct or indirect evidence of gender-based discrimination. She cannot show gender discrimination based on a disparate treatment theory because she was not treated differently from any similarly situated male employees who were subject to the same performance evaluation and discipline standards and engaged in comparable conduct. *See Haggood v. Rubin & Rothman, LLC*, 14-CV-34L (SJF), 2014 WL 6473527, at *11 (E.D.N.Y. Nov. 17, 2014) ("Where a plaintiff seeks to derive an inference of discrimination from allegations of disparate treatment, he or she must plausibly allege the existence of at least one comparator who was more favorably treated despite being *similarly situated to the plaintiff in all material respects*, meaning the comparator was (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct.").

b) The Board had legitimate, non-discriminatory reasons for terminating plaintiff's employment, which were not motivated by discriminatory animus, and which Plaintiff cannot show were pretextual.

c) Defendants' reasons for terminating Plaintiff's employment included the actual and perceived disruption to the educational environment caused by the dissemination of the photo, in addition to, and/or implicit in, the "Reasons Letter," and described in detail in the evidence submitted in support of Defendants' motion for summary judgment.

d) Plaintiff's constitutional rights were neither violated by any policy, practice, custom, or procedure of the South Country Central School District, nor by any individual with final policymaking authority to establish municipal policy with respect to the action ordered.

e) Plaintiff cannot impute alleged discrimination by Giani to the Board under a cat's paw theory. First, Section 1983 claims for discrimination in public employment cannot be based on *respondeat superior* or "cat's paw" theory to establish a defendant's liability. *See Naumovski v. Norris*, 934 F.3d 200, 222 (2d Cir. 2019). Second, the cat's paw theory only applies where a decisionmaker merely acts as the conduit, vehicle, or rubber stamp by which another achieves his or her unlawful design; in this case, the Board made an independent, informed determination as to whether plaintiff should have been terminated. *See Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 272 (2d Cir. 2016) (cat's paw theory applies where employer "merely" effectuates or rubber-stamps a discriminatory employee's

4

unlawful design); *Kregler v. City of New York*, 987 F. Supp. 2d 357, 365 (S.D.N.Y. 2013). Third, where a decisionmaker non-negligently and in good faith relies on the report of an employee, even if that report is false and based on unlawful animus, the decisionmaker cannot be held accountable for or said to have been motivated by the employee's animus under a cat's paw theory. *See Prophete-Camille v. Stericycle, Inc.*, No. 14-CV-7268(JS)(AKT), 2017 WL 570769, at *12 (E.D.N.Y. Feb. 13, 2017). Fourth, plaintiff cannot establish the non-decision maker, Giani, intended to discriminate, as required to rely on cat's paw theory. *See Menaker v. Hofstra Univ.*, 935 F.3d 20, 38, n. 82 (2d Cir. 2019).

    f)  Plaintiff has unclean hands.

Plaintiff's Opposition to Defendants Defenses:

    a. Plaintiff opposes Defendant's statements of defenses in that Defendants' defense has been already determined to be untenable by the Court as to use of comparators: "It also is of no moment that plaintiff has no similarly situated male teacher for comparison." (Order, Dkt. 71 Par. 5).

    b. Moreover, the Court has already determined that in this case, a cat's paw case "would be a fully plausible factual determination for a jury to conclude ..;" (*Id.* Par. 4), whereas Defendants' defense appears to be that a cat's paw case cannot be made as a matter of law, an erroneous position insofar as the Court has in this case, held otherwise.

Claims and Defenses Previously Asserted that are Not to be Tried:

    a)  Plaintiff's claims against Nelson Briggs, Tim Hogan, Erika Della Rosa, Cheryl A. Felice, Regina Hunt, Lisa Di Santo, Anthony Griffin, Carol Malin, Jack Nix, Chris Picini, and Christine Flynn, were dismissed with prejudice by Memorandum Decision and Order, dated May 21, 2020. (Dkt. 34 p. 8.)

    b)  Plaintiff's gender discrimination claim under Title IX of the Education Amendments Act of 1972 (First Cause of Action) was dismissed against Joseph Giani with prejudice by Memorandum of Decision and Order, dated May 21, 2020. (Dkt. 34 p. 2 fn. 1.)

    c)  Plaintiff's gender discrimination claim under Title VII of the Civil Rights Act of 1964 (Fifth Cause of Action) was dismissed against Joseph Giani with prejudice by Memorandum of Decision and Order, dated May 21, 2020. (Dkt. 34 p. 2 fn. 1.)

d) Plaintiff's claim under 42 U.S.C. § 1983 for the deprivation of Plaintiff's unspecified civil rights (Second Cause of Action) was dismissed with prejudice by Memorandum of Decision and Order, dated May 21, 2020. (Dkt. 34 p. 9.)

e) Plaintiff's conspiracy claim under 42 U.S.C. § 1985 (Seventh Cause of Action) was dismissed with prejudice by Memorandum of Decision and Order, dated May 21, 2020. Accordingly, the defense that plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine need not be tried. (Dkt. 34 pp. 10-11.)

f) Plaintiff's claim for attorneys' fees under 42 U.S.C. § 1988 (Seventh Cause of Action) was dismissed with prejudice by Memorandum of Decision and Order, dated May 21, 2020. (Dkt. 34 p. 11.)

g) Plaintiff's "class-of-one" equal protection claim under 42 U.S.C. § 1983 was dismissed with prejudice by Memorandum of Decision and Order, dated May 21, 2020. (Dkt. 34 pp. 9–10.)

h) Plaintiff's claims against Joseph Giani (and the other former individual defendants, against whom Plaintiff's claims were previously dismissed) were dismissed with prejudice by Order dated February 7, 2022. (Dkt. 71 p. 4 ¶ 10.)

**Jury/Non-Jury**

This case is to be tried before a jury. Plaintiff's counsel anticipates the trial will take approximately four days. Plaintiff's estimate takes into account that in view of the Court's ruling as to how the trial will proceed (i.e., proof of pretextual Four Reasons, then Court rulings on issues of law), damages phase will come after the Court's rulings, and will take more time (est. approximately 1.5 days).

Defendant's counsel anticipates the trial will take approximately four days.

**Trial Before Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge.

**Stipulations**

None.

**Witnesses**

Plaintiff's Witnesses:

| Witness Name | Objection | Basis for Objection |
|---|---|---|
| Joseph Giani | None | |
| Lauren Miranda | None | |
| Ronald G. Quintero, CPA (Expert), to be called as a witness as to damages, during damages phase. | Fed. R. Civ. P. 26(a)(2). | Plaintiff never disclosed the identity of this individual, and never provided any of the required expert disclosures under Rule 26(a)(2) and the deadlines for discovery set by the Court. *See* ECF entries dated 12/8/2020, 1/25/2021. |

Plaintiff expects Superintendent Giani to testify about his pretextual "Four Reasons," and real reason for terminating Miranda's employment.

Plaintiff expects that she will testify as to her termination and conversations and writings with Giana, in particular as to pretexts. Plaintiff also will testify in the damages phase, as to her damages.

Expert witness Quintero will testify as to damages of Plaintiff in the damages phase of trial.

Defendants' Witnesses:

a) Defendant Joseph Giani – Dr. Giani is the Superintendent of Schools, who is expected to testify about his knowledge of the circulation of plaintiff's topless photograph throughout the school district and community; the District's investigation; communications with plaintiff, her representatives, administrators, and the Board of Education; the decision to place plaintiff on paid home assignment; his recommendation to the Board of Education to terminate plaintiff's probationary employment; plaintiff's termination, and the mission of the school district.

b) Nelson Briggs – Mr. Briggs is the Assistant Superintendent for Personnel and General Administration for the District, who is expected to testify about his knowledge of the circulation of plaintiff's topless photograph throughout school district and community; the District's investigation; communications with plaintiff, her representatives, and other administrators; plaintiff's prior workplace issues; and plaintiff's administrative leave and termination.

c) Jamal Colson – Dr. Colson is the Bellport Middle School Principal, who is expected to testify about the circulation of plaintiff's topless photograph throughout Bellport Middle School; his investigation and meetings with students and staff; the disruption that resulted from the circulation of plaintiff's topless photograph; communications with plaintiff and her representatives, administrators, students, and staff; the educational mission, programs, and disciplinary matters at the Middle School regarding online safety, risks, and consequences of use electronic communications and social media.

d) Chris Picini – Mr. Picini is an elected member of the District's Board of Education who is expected to testify about the circulation of plaintiff's topless photograph throughout the school district and community, discussions during executive sessions about plaintiff's employment, and the reasons for his and the Board's decision to terminate plaintiff's employment.

e) Anthony Griffin – Mr. Griffin is a former elected member of the District's Board of Education who is expected to testify about the circulation of plaintiff's topless photograph throughout the school district and community, discussions during executive sessions about plaintiff's employment, and the reasons for his and the Board's decision to terminate plaintiff's employment.

f) Carol Malin – Ms. Malin is a former elected member of the District's Board of Education who is expected to testify about the circulation of plaintiff's topless photograph throughout the school district and community, discussions during executive sessions about plaintiff's employment, and the reasons for her and the Board's decision to terminate plaintiff's employment.

g) Jack Nix – Mr. Nix is a former elected member of the District's Board of Education who is expected to testify about the circulation of plaintiff's topless photograph throughout the school district and community, discussions during executive sessions about plaintiff's employment, and the reasons for his and the Board's decision to terminate plaintiff's employment.

Defendants reserve the right to call any witness identified on Plaintiff's witness list, and any witness necessary to provide a foundation for and/or authentication of trial exhibits, and rebuttal witnesses that may become necessary depending upon the testimony and evidence elicited during Plaintiff's case.

| Witness Name | Objection | Basis for Objection |
| --- | --- | --- |
| Joseph Giani | Preclusion as to discussions with Board, see below. | Assertion of privilege by Defendants- disqualification |

| Nelson Briggs | Irrelevant as to issue to be tried | Not a witness as to the Four Reasons decision. |
|---|---|---|
| Jamal Colson | Irrelevant as to issue to be tried | Not a witness as to the Four Reasons decision. |
| Chris Picini | Preclusion/ disqualification see below | Assertion of privilege by Defendants- disqualification |
| Anthony Griffin | Preclusion / disqualification see below | Assertion of privilege by Defendants- disqualification |
| Carol Malin | Preclusion / disqualification see below | Assertion of privilege by Defendants- disqualification |
| Jack Nix | Preclusion/ disqualification see below | Assertion of privilege by Defendants - disqualification |

<u>Plaintiff's Objections to Defendants' Witnesses:</u>

One key objection is to testimony by school board witnesses Picini, Griffin, Malin, and Nix. These witness' testimony should be precluded because Defendants blocked Giani's testimony as to the discussions amongst Giani and the Board members at the Board's executive sessions where Miranda and her termination was discussed. Defendants' attorney asserted an "institutional attorney-client privilege" (see Giani Transcript 10-15-20, pp. 141 l. 17 - 148 l. 4 for complete discussion): "Mr. Ray: I'm not asking what was said to counsel. I'm asking what was said between him (Giani) and the Board. Mr. Stern: With counsel present. Mr. Ray: It doesn't matter. Mr. Stern: It's an institutional privilege, Mr. Ray." (p. 147, ll. 17-23). Previously, Mr. Giani testified: "Q. What did the Board say to you, during that meeting, any member of the Board? Mr. Stern: I'm going to object, to the extent that in executive session counsel is present. It's a discussion that includes counsel and I'm going to direct him not to answer. Mr. Ray: We don't know that counsel was present. A: I'm sworn not to divulge any conversations in executive session. Mr. Stern: We're talking about attorney/ client privilege. A: Counsel was present at all." (p. 143, ll. 21-24; p. 144 ll. 2-10). Thus, the Board members were rendered legally incompetent witnesses. Defendants should not be able to "eat his cake and have it too," *Levine v. Bornstein*, 13 Misc. 2d 161 at 215, aff'd 7AD 2d 995; their testimony now would need be precluded. Furthermore, Giani testified that there were "executive session tapes" (p. 143, ll. 5-6), which have not been provided to me via Rule 26 Discovery or in response to Plaintiff's demand for discovery. This failure also should preclude the Board members' testimony. It would be quite unfair for the Board members (as well for Giani) to testify to their reason(s)to have supported termination of Miranda when Plaintiff's attorney was blocked from the aforesaid information/ discussions. Plaintiff also requests a charge that on

adverse inference can be drawn by the jury as to the exercise of a purported privilege by Defendants, regarding discussions between Mr. Giani and the Board members.

Defendants' Response to Plaintiff's Objections

Defendants did not block Dr. Giani's testimony about executive sessions with the Board. Plaintiff's counsel's account of the objections raised during Dr. Giani's deposition is inaccurate and misleading. As discussed in Steven Stern's reply declaration in support of Defendants' motion for summary judgment, Dr. Giani testified extensively about his discussions during executive sessions with the Board of Education. During the first day of his two-day deposition, Plaintiff's counsel began asking Dr. Giani about an executive session with the Board during a timeframe he could not specifically recall. Defense counsel attempted to ascertain whether counsel would have been present at such a meeting, and therefore whether his answers might implicate privileged discussions with counsel. Dr. Giani confirmed an attorney would have been present. When Plaintiff's counsel suggested "[o]nce there is more than one individual, there is no privilege. You do not have that privilege, you cannot assert it," (Giani, p. 146), defense counsel explained that an institutional privilege exists, *i.e.* the Board's privilege regarding its conversations with counsel, and objected "to the extent that any discussion in executive session included counsel…." (Giani, p. 147.) Plaintiff's counsel indicated he would make a record, and asked another question about discussions within the suggested timeframe, the answer to which Giani could not recall. (*Id.* p. 148.) The deposition ended for the day shortly thereafter. Dr. Giani then located notes, which he referred to as "talking points" for his executive sessions with the Board, and Defendants immediately disclosed them. When the deposition continued, Plaintiff's counsel questioned Dr. Giani extensively about his talking points and discussions with the Board in executive session concerning Plaintiff, and Giani answered all of these questions. (Giani Day 2 30-34, 75-77, 82, 85, 87-88, 99-100 *and passim*.)

The South Country School Board does not record executive session, as it is improper to do so and violates the privacy of executive session.[2] The errata sheet[3] to Dr. Giani's deposition clarifies that he was referring to the tapes of the "public meeting," not the executive session, for the date of a particular meeting.

---

[2] *See* NYS School Board Association Executive Session Guide, https://www.nyssba.org/clientuploads/nyssba_pdf/Events/get-to-know-nyssba-07142021/NYSSBA_Executive_Session_FAQ_Brochure_OL.pdf ("Recording an executive session is improper and violates the confidentiality of the executive session.") (citing *Stephenson v. Bd. Of Educ. of Hamburg Cent. Sch. Dist.*, 31 Misc.3d 1227 (2011)).

[3] Defendants will provide the Errata Sheet at the Court's request.

The Board members referenced above were named by Plaintiff as Defendants in the caption of the case, identified as witnesses in Defendants' Rule 26 disclosures, and provided affidavits in support of Defendants' motion for summary judgment.

**Deposition Designations**

Plaintiff's Deposition Designations:

Joseph Giani Transcript 10-15-2020

| From Page | From Line | To Page | To Line | Objections | Cross-Designations |
|---|---|---|---|---|---|
| 48 Topless Mr. White Not Improper (ex 105D) Object. | 10 | 48 | 21 | Relevancy, Fed. Rule Evid., 401, 403 (no context for when/where photo is "inappropriate"); exhibit not part of any Rule 26(a) disclosure | Page 44, lines 10–23 Page 49, lines 2–17 |
| 50 Topless Mr. White Not Improper (ex 105E) Object. | 13 | 50 | 25 | Relevancy, Fed. Rule Evid. 401, 403 (no context for when/where photo is "inappropriate"); exhibit not part of any Rule 26(a) disclosure | Page 44, lines 10–23 |
| 51 Topless Mr. White Not Improper (ex 105F) Object. | 2 | 51 | 7 | Relevancy, Fed. Rule Evid. 401, 403 (no context for when/where photo is "inappropriate"); exhibit not part of any Rule 26(a) disclosure | Page 44, lines 10–23 Page 53, line 18–Page 54, line 15 |
| 54 55 Topless Mr. White Not Improper (ex 105G) Object. | 19 2 | 54 55 | 25 4 | Relevancy, Fed. Rule Evid. 401, 403 (no context for when/where photo is "inappropriate"); exhibit not part of any Rule 26(a) disclosure | Page 44, lines 10–23 Page 55, lines 5–10 |
| 56 Topless Mr. White Not Improper (ex | 13 | 56 | 23 | Relevancy, Fed. Rule Evid. 401, 403 (no context for when/where photo is "inappropriate"); | Page 44, lines 10–23 Page 56, line 24–Page 57, line 13 |

| | | | | | |
|---|---|---|---|---|---|
| 105I)<br>Object. | | | | exhibit not part of any Rule 26(a) disclosure | |
| 62  Topless<br>Mr. White<br>Not Improper (ex 105M)<br>Object. | 2 | 62 | 21 | Relevancy, Fed. Rule Evid. 401, 403 (no context for when/where photo is "inappropriate" or "objectionable"); exhibit not part of any Rule 26(a) disclosure | Page 44, lines 10–23<br>Page 62, line 23–Page 63, line 9 |
| 63<br>64<br>Topless<br>Male<br>Not Improper (ex 105N)<br>Object. | 10<br>2 | 63<br>64 | 25<br>16 | Relevancy, Fed. Rule Evid. 401, 403 (no context for when/where photo is "objectionable"); exhibit not part of any Rule 26(a) disclosure | Page 44, lines 10–23 |
| 64<br>65<br>Topless<br>Male<br>Not Improper (ex 105O)<br>Object. | 18<br>2 | 64<br>65 | 25<br>3 | Relevancy, Fed. Rule Evid. 401, 403 (no context for when/where photo is "objectionable"); exhibit not part of any Rule 26(a) disclosure | Page 65, lines 4–7 |
| 65<br>66<br>Topless<br>Male<br>Not Improper (ex 105P)<br>Object. | 20<br>2 | 65<br>66 | 25<br>8 | Relevancy, Fed. Rule Evid. 401, 403 (no context for when/where photo is "objectionable"); exhibit not part of any Rule 26(a) disclosure | |
| 66<br>67<br>Topless<br>Male<br>Not Improper (ex 105R)<br>Object. | 19<br>2 | 66<br>67 | 25<br>5 | Relevancy, Fed. Rule Evid. 401, 403 (no context for when/where witness would have "objections"); exhibit not part of any Rule 26(a) disclosure | |
| 68<br>Topless<br>Male<br>Not Improper (ex | 12 | 68 | 19 | Relevancy, Fed. Rule Evid. 401, 403 (no context for when/where photo is "objectionable"); | Page 69, lines 9–17 |

| | | | | | |
|---|---|---|---|---|---|
| 105J)<br>Object. | | | | exhibit not part of any Rule 26(a) disclosure | |
| 69<br>70<br>Topless<br>Male<br>Not Improper (ex 105)<br>Object. | 18<br>2 | 69<br>70 | 25<br>3 | Relevancy, Fed. Rule Evid. 401, 403; exhibit not part of any Rule 26(a) disclosure | |
| 70<br>Topless<br>Male<br>Not Improper (ex 105U)<br>Object. | 4 | 70 | 20 | Relevancy, Fed. Rule Evid. 401, 403; exhibit not part of any Rule 26(a) disclosure | |
| 70<br>71<br>Topless<br>Male<br>Not Improper (ex 105V)<br>Object. | 21<br>2 | 70<br>71 | 25<br>14 | Relevancy, Fed. Rule Evid. 401, 403; exhibit not part of any Rule 26(a) disclosure | |
| 71<br>72<br>Topless<br>Male<br>Not Improper (ex 105W)<br>Object. | 15<br>2 | 71<br>72 | 25<br>7 | Relevancy, Fed. Rule Evid. 401, 403; exhibit not part of any Rule 26(a) disclosure | |
| 72<br>Topless<br>Male<br>Not Improper (ex 105X)<br>Object. | 8 | 72 | 23 | Relevancy, Fed. Rule Evid. 401, 403; exhibit not part of any Rule 26(a) disclosure | |
| 73<br>Topless<br>Male<br>Not Improper (ex 105Y)<br>Object. | 7 | 73 | 17 | Relevancy, Fed. Rule Evid. 401, 403; exhibit not part of any Rule 26(a) disclosure | |

| | | | | | |
|---|---|---|---|---|---|
| 73<br>74<br>Topless<br>Male<br>Not Improper (ex 106)<br>P. Photo | 19<br>2 | 73<br>74 | 25<br>5 | | |
| 78<br>79<br>Topless<br>Male<br>Not Improper (ex 106)<br>P. Photo | 20<br>2 | 78<br>79 | 25<br>14 | Relevancy, Fed. Rule Evid. 401, 403: compares to other photos that are not admissible and were not circulating in the schools | |
| 86<br>Topless<br>Male<br>Not Improper (ex 106)<br>Circulating Among Students | 10 | 86 | 23 | | |

Joseph Giani Transcript 10-20-2020

| From     Page | From Line | To Page | To Line | Objections | Cross-Designations |
|---|---|---|---|---|---|
| 6<br>7<br>Talking Points | 21<br>2 | 6<br>7 | 25<br>4 | | |
| 9<br>10<br>10<br>11<br>12<br>Calls    coming in,  DNK how many | 6<br>2<br>18<br>9<br>2 | 9<br>10<br>10<br>11<br>11 | 25<br>15<br>20<br>25<br>7 | Begins mid-testimony | |
| 15<br>Giani    Raised Photo to Board | 10 | 15 | 23 | | |
| 21 | 2 | 21 | 13 | | |

| | | | | | |
|---|---|---|---|---|---|
| Talking Points Before Board Meeting | | | | | |
| 30 Giani Reported to Board w. Tenure Rec. | 8 | 30 | 10 | | |
| 42 43 Talking Points | 23 | 42 | 25 | Incomplete answer | Page 43, lines 2–8 |
| 55 Not Truthful Important Talking Point | 3 | 55 | 6 | | |
| 55 56 This Pt. in Talking Points | 23 2 | 55 56 | 25 2 | | Page 56, line 16–Page 59, line 13 |
| 56 This pt. re. Lie was Not in Talking Points | 16 | 56 | 20 | | Page 56, line 21–Page 59, line 13 |
| 59 No Need to Put Lie in Talking Points | 14 | 59 | 20 | | Page 58, line 2–Page 59, Line 13 |
| 74 75 Nude Pic: Deter. Point | 25 2 | 74 75 | 25 20 | | Page 76, lines 7–16 |
| 78 79 No Idea if Student Interv. | 21 2 | 78 79 | 25 2 | No context; unclear who is being referred to and when this took place. | |
| 79 No Idea if Student Interv. | 2 | 79 | 2 | Duplicate of prior entry. | |
| 82 Insubord. as to Talking Points | 14 | 82 | 25 | | Page 85, line 15–Page 86, line 19 |

| | | | | | |
|---|---|---|---|---|---|
| 84<br>Insubord. as to<br>Talking Points | 2 | 84 | 7 | | Page 85, line 15–Page 86, line 19 |
| 87<br>88<br>Giani<br>Not Inclined<br>to Give Tenure | 20<br>2 | 87<br>88 | 25<br>3 | | Page 88, line 23–Page 89, line 3 |
| 89<br>90<br>Giani Wrote<br>Statement re.<br>no<br>Tenure | 21<br>2 | 89<br>90 | 25<br>16 | Document speaks for itself. | |
| 90<br>91<br>Giani did not<br>Question Kai<br>Watkins | 23<br>2 | 90<br>91 | 25<br>16 | Relevancy, Fed. R. Evid. 401, 403 | |
| 93<br>94<br>P was to be<br>Terminated,<br>not just recom. | 15<br>2 | 93<br>94 | 24<br>25 | Relevancy, Fed. R. Evid. 401, 403; misleading questions; incomplete testimony. | |
| 95<br>Told Briggs to<br>tell P Term. | 4 | 95 | 9 | Incomplete testimony | Page 95, lines 10–17 |
| 105<br>Wrote Letter<br>re. Reasons for<br>Term | 7 | 105 | 25 | Compound and confusing questions; incomplete, includes question without answer. | |
| 106<br>Let out no<br>Issues to Term.<br>in Lttr. | 15 | 106 | 19 | | Page 30, lines 8–17; page 31, line 19–32, line 8; page 128, lines 14–16; page 140, lines 13–18 |
| 127<br>Feb. 2019<br>Lttr. P Tern, | 5 | 127 | 20 | Misleading question; Dr. Giani was making a recommendation to the Board, not a determination | |
| 149<br>204<br>No Convo. w.<br>anyone before<br>1-23-19 | 19<br>2 | 149<br>204 | 25<br>4 | | |

| 150<br>Didn't tell P object. was P. Lie | 15 | 150 | 24 | | |
|---|---|---|---|---|---|
| 151<br>Told P. that P was in Community | 22 | 151 | 25 | Incomplete testimony, no question; transcript speaks for itself; out of context | Page 151, line 20– Page 152, line 10 |
| 153<br>Never Ment. Insubord. at 2-19-19 Meeting | 8 | 153 | 12 | Incomplete testimony, no question; transcript speaks for itself; out of context | |

Defendants' Deposition Designations:

Lauren Miranda 50-h Examination, dated July 11, 2017

| From Page | From Line | To Page | To Line | Objections | Basis for Objection |
|---|---|---|---|---|---|
| 68 | 4 | 68 | 15 | Federal Rules of Evidence 401-403. | Irrelevant - How many times and with what device Plaintiff chose to take topless photos of herself is irrelevant to all material issues of fact and law within the case.<br>Confusing the issues - How many times and with what device Plaintiff decided to take topless photos of herself has nothing to do with the "Four Reasons" nor the possible public disturbance. |
| 74 | 15 | 75 | 8 | Federal Rules of Evidence 401-403. | Irrelevant - The manner and means through which Plaintiff took and stored the photo on her phone are irrelevant to all material issues of fact or law within the case.<br>Confusing the issues - All photos of plaintiff besides the photo at hand are not at issue, Plaintiff's personal life and the decisions she makes therewith have no bearing on neither the "Four Reasons" nor the possible disruption within the school or community. |
| 76 | 5 | 76 | 17 | Federal Rules of Evidence 401-403. | Irrelevant - The manner and means through which Plaintiff might have taken or stored photos of herself are irrelevant |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | to all material issues of fact or law within the case.<br>Confusing the issues - All photos of plaintiff besides the photo at hand are not at issue, Plaintiff's personal life and the decisions she makes therewith have no bearing on the "Four Reasons" nor the possible disruption within the school or community. |
| 77 | 7 | 77 | 16 | Federal Rules of Evidence 401-403. | Irrelevant - The amount of photos, and when those photos were taken by Plaintiff are irrelevant to all material issues of fact or law within the case.<br>Confusing the issues - All photos of plaintiff besides the photo at hand are not at issue, Plaintiff's personal life and the decisions she makes therewith have no bearing on the "Four Reasons" nor the possible disruption within the school or community. |
| 78 | 9 | 78 | 14 | Federal Rules of Evidence 401-403. | Irrelevant - Where the photos may have been stored is irrelevant to all material issues of fact or law within the case.<br>Confusing the issues - All photos of plaintiff besides the photo at hand are not at issue, Plaintiff's personal life and the decisions she makes therewith have no bearing on the "Four Reasons" nor the possible disruption within the school or community. |
| 79 | 11 | 79 | 25 | Federal Rules of Evidence 401-403. | Irrelevant - the last time Plaintiff might have taken a photo of herself and her intentions with those photos are irrelevant to all material issues of fact or law within the case.<br>Confusing the issues - All photos of plaintiff besides the photo at hand are not at issue, Plaintiff's personal life and the decisions she makes therewith have no bearing on the "Four Reasons" nor the possible disruption within the school or community. |
| 80 | 8 | 81 | 7 | Federal Rules of Evidence 401-403. | Irrelevant - How many photos of herself Plaintiff sent to "Kai" is irrelevant to all material issues of fact or law within the case. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Confusing the issues - All photos of plaintiff besides the photo at hand are not at issue, Plaintiff's personal life and the decisions she makes therewith have no bearing on the "Four Reasons" nor the possible disruption within the school or community. |
| 97 | 20 | 98 | 12 | Federal Rules of Evidence 401-403. | Irrelevant - How the other photos were sent to "Kai" and what app Plaintiff used to send those photos are irrelevant to all material issues of fact or law within the case.<br>Confusing the issues - All photos of plaintiff besides the photo at hand are not at issue, Plaintiff's personal life and the decisions she makes therewith have no bearing on the "Four Reasons" nor the possible disruption within the school or community.<br>Form objection: re confusing nude and semi-nude photos, and confusing re "generally" |
| 98 | 18 | 99 | 2 | Federal Rules of Evidence 401-403. | Irrelevant - Plaintiff's reasons for sending "Kai", her then boyfriend, photos of herself are irrelevant to all material issues of law and fact within the case.<br>Confusing the issues - All photos of plaintiff besides the photo at hand are not at issue, Plaintiff's personal life and the decisions she makes therewith have no bearing on the "Four Reasons" nor the possible disruption within the school or community. |
| 106 | 25 | 107 | 6 | Federal Rules of Evidence 401-403. | Irrelevant - Plaintiff's text conversations and whether or not she stored them are irrelevant to all material issues of fact or law within the case.<br>Also, on attempt to impeach Plaintiff on a collateral matter. |
| 113 | 16 | 114 | 16 | Federal Rules of Evidence 401-403, 404. | Irrelevant - Plaintiff's relationship with "Kai" is irrelevant to all material issues of fact or law within the case.<br>Improper Character Evidence - Opposing Counsel is trying to paint Plaintiff as a "bad person" as to collateral matters. |

| 115 | 12 | 115 | 22 | Federal Rules of Evidence 401-403, 404. | Irrelevant - Plaintiff's relationship with "Kai" is irrelevant to all material issues of fact or law within the case.<br>Improper Character Evidence - Opposing Counsel is trying to paint Plaintiff as a "bad person" who exhibited "poor judgment" as to collateral matters. |
|-----|----|-----|----|------------------------------|---------------------------------------------------------|
| 120 | 10 | 121 | 11 | Federal Rules of Evidence 401-403 | Plaintiff's opinion of herself as a teacher is irrelevant. |
| 121 | 22 | 122 | 8 | Federal Rules of Evidence 803 | Hearsay as to Union. |
| 128 | 2 | 128 | 16 | Federal Rules of Evidence 401-403 | Irrelevant - How Plaintiff learned of the photo is irrelevant to all material issues of fact and law within the case. |
| 132 | 17 | 132 | 22 | Federal Rules of Evidence 803 | Hearsay - That a teacher told Plaintiff kids have a picture is a hearsay statement that does not fit into any exceptions. |
| 140 | 4 | 140 | 10 | Federal Rules of Evidence 401-403 | Irrelevant - That Plaintiff saw the picture. |
| 142 | 20 | 143 | 3 | Federal Rules of Evidence 401-403. | Irrelevant - Plaintiff's awareness of students being disciplined for sending photos is irrelevant to all material issues of fact and law within the case. |
| 145 | 12 | 145 | 19 | Federal Rules of Evidence 401-403. | Irrelevant - Where Plaintiff left her phone within her classroom is irrelevant to all material issues of fact or law within the case.<br>Confusing the issues - Where Plaintiff left her phone has nothing to do with the "Four Reasons" nor the possible disruption. |
| 149 | 25 | 150 | 17 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Plaintiff's theories are irrelevant.<br>Hearsay |
| 158 | 19 | 158 | 22 | Federal Rules of Evidence 401-403 | Irrelevant - What Plaintiff did after she met with Colson is utterly irrelevant. |
| 161 | 21 | 162 | 4 | Federal Rules of Evidence 401-403. | Irrelevant - The reasons Plaintiff thought she might lose her job at the time is irrelevant to all material issues of fact or law within the case. |
| 164 | 19 | 164 | 24 | Federal Rules of Evidence 401-403 | Irrelevant - Calls for Plaintiff's opinion and speculation. |
| 167 | 3 | 168 | 20 | Federal Rules of Evidence 401-403 | Irrelevant - Calls for Plaintiff's opinion and speculation. |

| 175 | 20 | 176 | 4 | Federal Rules of Evidence 401-403, 404. | Irrelevant - Plaintiff's relationship with "Kai" and her sending photos of herself to him is irrelevant to all material issues of fact or law within the case.<br>Improper Character Evidence - Opposing Counsel is trying to paint Plaintiff as a "bad person."<br>Also, form: dual question |
|---|---|---|---|---|---|
| 176 | 5 | 176 | 10 | Federal Rules of Evidence 401-403 | Irrelevant - What Plaintiff may or may not have said to Mr. Briggs is irrelevant.<br>Unfairly Prejudicial |
| 185 | 11 | 185 | 16 | Federal Rules of Evidence 401-403, 404. | Irrelevant - Whether or not Plaintiff was in a dark classroom with "Kai" one time is irrelevant to all material issues of fact or law within the case.<br>Improper Character Evidence - Opposing Counsel is trying to paint Plaintiff as a "bad person" who engages in alleged amorous behavior. |
| 190 | 17 | 190 | 24 | Federal Rules of Evidence 401-403 | Irrelevant - Has nothing to do with the "Four Reasons". |
| 194 | 8 | 194 | 17 | Federal Rules of Evidence 401-403 | Irrelevant - Plaintiff being aware or not if a male teacher was situated in a similar situation to her and treated differently is irrelevant.<br>Calls for Plaintiff's opinion. |
| 205 | 3 | 205 | 7 | Federal Rules of Evidence 401-403 | Irrelevant - Calls for Plaintiff's opinions and speculation. |
| 207 | 20 | 207 | 25 | Federal Rules of Evidence 401-403 | Irrelevant - Calls for Plaintiff's opinions and speculation. |
| 208 | 24 | 209 | 10 | Federal Rules of Evidence 401-403 | Irrelevant - Calls for Plaintiff's opinions and speculation. |
| 210 | 10 | 211 | 21 | Federal Rules of Evidence 401-403 | Irrelevant - Calls for Plaintiff's opinions and speculation. |
| 214 | 22 | 215 | 11 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803 | Irrelevant - What Plaintiff might have, or might not have known before her termination is irrelevant to the "Four Reasons" and any potential disturbance.<br>Hearsay also. |
| 216 | 2 | 216 | 7 | Federal Rules of Evidence 401-403 | Irrelevant.<br>Calls for Plaintiff's speculation. |

Lauren Miranda Deposition, dated July 11, 2017

| From Page | From Line | To Page | To Line | Objections | Basis for Objection |
|---|---|---|---|---|---|
| 15 | 25 | 16 | 7 | Federal Rules of Evidence 401-403. | Irrelevant - where the phone currently is irrelevant to all material issues of fact or law within the case; Unfairly Prejudicial - Trying to paint Plaintiff as having intentionally destroyed evidence without having any factual basis to support that conclusion. |
| 28 | 23 | 29 | 2 | Federal Rules of Evidence 401-403. | Irrelevant - Whether or not Plaintiff purchased "the cloud" and stored her information therein is irrelevant to all material issues of fact or law within the case. |
| 29 | 17 | 31 | 4 | Federal Rules of Evidence 401-403. | Irrelevant - Whether or not Plaintiff saved her text messages to the cloud or printed them out prior to losing her phone is irrelevant to all material issues of fact or law within the case. Unfairly prejudicial -Opposing Counsel is trying to paint Plaintiff as having intentionally destroyed evidence without any factual basis to support that conclusion. |
| 65 | 17 | 66 | 12 | | Form: Plaintiff was prevented from completing answer. Should be raised in damages phase. |
| 68 | 2 | 68 | 19 | | Form: Plaintiff was prevented from completing answer. |
| 68 | 22 | 69 | 3 | | Should be raised in damages phase. |
| 71 | 9 | 71 | 12 | | Should be raised in damages phase. |
| 95 | 12 | 95 | 18 | Federal Rules of Evidence 401-403. | Misleading and premature. Should be raised in damages phase. |
| 101 | 2 | 102 | 19 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - The recordings Plaintiff made have nothing to do with the "Four Reasons." And contains hearsay. |
| 105 | 3 | 105 | 7 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803.[4] | Irrelevant - Plaintiff not disclosing the fact that she was recording the subjects of the audiotapes is irrelevant to all material issues of fact and law within the case. |

---

[4] Whenever the Q/A refers to an audio recording, this is objected to as hearsay.

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Unfairly prejudicial - Opposing Counsel is attempting to portray Plaintiff in a negative light by stating that she recorded conversations without informing the subjects of the conversation however Plaintiff's actions were completely legal and reasonable under the circumstances.<br>And contains hearsay. |
| 110 | 7 | 110 | 22 | Federal Rules of Evidence 401-403. | Irrelevant - Plaintiff not disclosing the fact that she was recording the subjects of the audiotapes is irrelevant to all material issues of fact and law within the case.<br>Unfairly prejudicial - Opposing Counsel is attempting to portray Plaintiff in a negative light by stating that she recorded conversations without informing the subjects of the conversation however Plaintiff's actions were completely legal and reasonable under the circumstances. |
| 110 | 23 | 111 | 6 | Federal Rules of Evidence 401-403. | Irrelevant - Plaintiff not disclosing the fact that she was recording the subjects of the audiotapes is irrelevant to all material issues of fact and law within the case.<br>Unfairly prejudicial - Opposing Counsel is attempting to portray Plaintiff in a negative light by stating that she recorded conversations without informing the subjects of the conversation however Plaintiff's actions were completely legal and reasonable under the circumstances. |
| 114 | 16 | 114 | 22 | Federal Rules of Evidence 401-403. | Irrelevant - What Plaintiff names her friends as her contacts is irrelevant to all material issues of fact or law within the case.<br>Unfairly prejudicial - Opposing Counsel is attempting to portray plaintiff as "sneaky" or having something to hide by changing one of her friend's contact information when there is no evidence to support that conclusion. |

| 117 | 20 | 118 | 8 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Plaintiff's comments to her friend about the rumors that were circulating about Plaintiff are irrelevant. Also hearsay. |
|---|---|---|---|---|---|
| 118 | 19 | 119 | 13 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Where the texts are nor where they could possibly be is irrelevant to all material issues of law and fact within the case. Further Plaintiff's conversations with a colleague about why she may or may not have been fired are irrelevant to all material issues of law and fact within the case.<br>Unfairly Prejudicial - Opposing Counsel again is trying to paint Plaintiff as having destroyed evidence where there are no facts to back that conclusion. Also hearsay, |
| 119 | 19 | 121 | 5 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Where Plaintiff might have first come to know of the rumors and who might have told her about them are irrelevant to the "Four Reasons". Also hearsay. |
| 129 | 14 | 130 | 12 | Federal Rules of Evidence 401-403 | Unfairly Prejudicial - This evidence only serves to paint Plaintiff as "elusive" or "sneaky" as to unfairly prejudice the jury against her as to collateral matters; also form, mischaracterization of evidence regarding "nude" pictures. |
| 137 | 19 | 138 | 13 | Federal Rules of Evidence 401-403. | Unfairly Prejudicial - Opposing Counsel is again trying to paint Plaintiff as having intentionally and maliciously destroying evidence, or as acting guilty or suspicious when there is no evidence to support that as to collateral issue.<br>Confusing the issues - What Plaintiff did with the photo, or her relationship with "Kai" is not at issue in the present proceeding. |
| 144 | 20 | 145 | 3 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - What rumors Plaintiff may or may not have heard about herself is irrelevant to all material issues of fact or law within the case. Also hearsay. |

| 145 | 25 | 146 | 9 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Who may have reached out to Plaintiff and when are wholly irrelevant to the "Four Reasons". Also hearsay. |
|---|---|---|---|---|---|
| 147 | 6 | 147 | 11 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Where Plaintiff may have heard from the rumors is irrelevant to the "Four Reasons." Also hearsay, and out of context. |
| 152 | 12 | 152 | 14 | Federal Rules of Evidence 401-403 | Irrelevant - Calls for Plaintiff's opinion and speculation. |
| 153 | 22 | 154 | 18 | Federal Rules of Evidence 401-403 | Irrelevant - Whether Plaintiff had the photo on her phone and showed it to "Kai" is irrelevant as to the "Four Reasons" |
| 156 | 6 | 157 | 3 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - The context in which the photo was sent to "Kai" is not relevant to any material issues of fact or law within the case. Also hearsay. |
| 158 | 14 | 158 | 18 | Federal Rules of Evidence 401-403. | Irrelevant - The context in which the photo was taken and sent is not relevant to material issues of fact or law within the case. |
| 160 | 25 | 161 | 4 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - When the photo was first taken has nothing to do with the "Four Reasons." Also hearsay. |
| 163 | 9 | 163 | 17 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - When the photo was first taken has nothing to do with the "Four Reasons." Also hearsay. |
| 167 | 2 | 167 | 16 | Federal Rules of Evidence 401-403 404; Federal Rules of Evidence 803. | Irrelevant - Plaintiff's relationships with her friends are irrelevant to all material issues of fact and law within the case. Improper Character evidence - Opposing Counsel is attempting to portray Plaintiff as "crazy" through her relationships and other collateral matters, and that her actions in accordance with that personality trait caused the issue at hand. Wasting time - as aforesaid this line of questioning has nothing to do with any material issues of fact or law within the case, waste of time. Also hearsay. |

| 177 | 2 | 177 | 11 | Federal Rule of Evidence 401-403; Federal Rules of Evidence 803. | Unfairly prejudicial - Opposing Counsel is attempting to portray Plaintiff as "evasive" or "disingenuous" as to collateral matters when there is no evidence to support that conclusion. Confusing the issues - whether or not Plaintiff might have talked to a friend about outside extraneous possibilities that she then did not act upon have no bearing on the "Four Reasons" nor the alleged disruption within the community. Irrelevant - Plaintiff's conversations about different possibilities that she did not actually testify to or put into practice are irrelevant to any material issues of fact or law within the case. Also hearsay. |
|-----|-----|-----|-----|-----|-----|
| 190 | 15 | 192 | 4 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Conversations Plaintiff had with her friend about what theoretical possibilities could or could not have happened are irrelevant to the all material issues of fact and law within the case. Unfairly Prejudicial - Opposing counsel is trying to paint Plaintiff as a "liar" or "disingenuous" as to collateral issues which is irrelevant to the case at hand and only serves to prejudice the jury. Also hearsay. |
| 201 | 23 | 202 | 12 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Plaintiff's feelings and or concerns about the rumors spreading around at the sporting event are irrelevant to any material fact and law within the case. Also hearsay. |
| 203 | 22 | 204 | 9 | Federal Rules of Evidence 401-403 404; Federal Rules of Evidence 803. | Irrelevant - Plaintiff's former conversations concerning a student, whom counsel hasn't even tied to the photo or case at hand, has no bearing on any material issue of fact or law in the case at hand. Improper Character Evidence - Opposing Counsel is trying to portray Plaintiff as a "bad person" as to collateral matters. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Confusing the Issues - Plaintiff's attitudes or statements about any potential students of hers are not at issue in this case.<br>Also hearsay. |
| 204 | 16 | 205 | 20 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Calls for Plaintiff's opinion and speculation. Further Opposing Counsel is merely speculating different events that could have transpired which has nothing to do with the "Four Reasons."<br>Also hearsay. |
| 207 | 7 | 207 | 24 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Plaintiff's conversations with her friends about theoretical possibilities that did not actually take place are irrelevant to all material issues of fact and law within the case.<br>Unfair Prejudice - Opposing Counsel is trying to use Plaintiff's conversation with "Kai" to try to paint her as a bad person who would take advantage of her mothers breast cancer diagnosis for personal gain without any evidence or facts to support that conclusion.<br>Also hearsay. |
| 212 | 9 | 212 | 22 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - What Plaintiff might have heard about her and her situation from other teachers is irrelevant as to the "Four Reasons."<br>Also hearsay. |
| 214 | 4 | 214 | 15 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Plaintiff's conversations with Briggs are speculative and the questioning is confusing and has nothing to do with the "Four Reasons".<br>Also hearsay. |
| 214 | 25 | 215 | 21 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Plaintiff's conversations with "Kai" about what potentially or theoretically could have, but ultimately did not happen, are irrelevant to all material issues of fact and law within the case.<br>Unfairly Prejudicial - As this transcript is irrelevant it serves no purpose but to try to present Plaintiff as a "liar" and "disingenuous" or collateral matters in order to prejudice a jury against her. |

| | | | | | Also hearsay. |
|---|---|---|---|---|---|
| 221 | 24 | 222 | 7 | Federal Rules of Evidence 401-403. | Irrelevant - The amount of media attention this case got and where it could have possibly come from is irrelevant to all material issues of fact and law within the case.<br>Unfairly prejudicial - This evidence attempts to paint Plaintiff in a negative light on a collateral issue. |
| 233 | 17 | 233 | 20 | Federal Rules of Evidence 803. | Hearsay as to rumors. |
| 252 | 3 | 252 | 7 | Federal Rules of Evidence 401-403 and 803 | Irrelevant - Plaintiff's conversation with Mr. White has nothing to do with the "Four Reasons".<br>Hearsay - Mr. White statement is hearsay. |
| 255 | 19 | 256 | 10 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Unfairly Prejudicial - Opposing Counsel is trying to paint Plaintiff as a liar and noncompliant with the investigation as to a collateral matter when there is no evidence to support that.<br>Confusing the Issues - Plaintiff's level of compliance with the investigation is not at issue in this case. Whether or not Plaintiff complied has no bearing on the "Four Reasons" nor disruption.<br>Also out of context, incomplete text. |
| 276 | 21 | 277 | 8 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Plaintiff's conversations in the excerpt have nothing to do with the "Four Reasons"<br>Hearsay - Counsel is taking out of court statements and trying to use them to prove a rumor.<br>Also hearsay as to rumors and source (Kinnigson). |
| 285 | 23 | 286 | 12 | Federal Rules for Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Calls for Plaintiff's opinion and speculation, the excerpt lacks foundation, and it is a vague, confused question.<br>And hearsay as to rumors. |
| 287 | 6 | 287 | 12 | Federal Rules of Evidence 401-403; Federal Rules of Evidence 803. | Irrelevant - Calls for Plaintiff's opinion and speculation, the excerpt lacks foundation, it is a vague, confused question and "blowback" is undefined.<br>Also hearsay. |

| 299 | 4 | 299 | 19 | Federal Rules of Evidence 401-403. | Unfairly Prejudicial - Opposing Counsel is trying to paint Plaintiff as a liar and as noncompliant with the ongoing investigation as to a collateral matter when there is no evidence to support that conclusion. Irrelevant - What Plaintiff may have, may not have known, may have said or may not have said is irrelevant to the issues of fact and law at hand. Confusing the issues - Plaintiff's investigation and what occurred during it are not at issue in the case as it was not one of the "Four Reasons" and it did not cause a disruption in the community. Form: Witness was cut-off in her answer. |
|-----|----|-----|----|----------------------------------|------------------------------------------|
| 346 | 14 | 347 | 6 | | |
| 351 | 19 | 351 | 22 | Federal Rules of Evidence 401-403 | Irrelevant - Plaintiff's feelings about news coverage is irrelevant as to the "Four Reasons" |
| 363 | 7 | 363 | 16 | Federal Rules of Evidence 401-403 Federal Rules of Evidence 803. | Form - Dual-questions Hearsay - Krauthammer's statements are hearsay. |
| 364 | 18 | 365 | 19 | Federal Rules of Evidence 401-403 Federal Rules of Evidence 803. | Irrelevant - Plaintiff's discussions with others about possible scenarios that may, or may not have occurred are irrelevant to every material issue of fact or law within the case. Misleading the Jury - Opposing Counsel is trying to position the scenario where the phone was taken off of Plaintiff's desk as a likely scenario when there is no evidence or facts to support that conclusion. The phone's location is irrelevant in any case. Also hearsay. |
| 374 | 25 | 375 | 18 | Federal Rules of Evidence 401-403. | Irrelevant - When Plaintiff obtained the photos of the males with bare chests is irrelevant to all material issues of fact or law within the case. Further these photos existed before Plaintiff obtained them so when they were obtained is irrelevant. Confusing the Issues - When Plaintiff obtained these photos has nothing to do |

| | | | | | with the "Four Reasons" nor the possible disruption within the school community. |
|---|---|---|---|---|---|
| 377 | 9 | 379 | 7 | Federal Rules of Evidence 401-403. | Irrelevant - When Plaintiff obtained the photos of the males with bare chests is irrelevant to all material issues of fact or law within the case. Further these photos existed before Plaintiff obtained them so when they were obtained is irrelevant. Confusing the Issues - When Plaintiff obtained these photos has nothing to do with the "Four Reasons" nor the possible disruption within the school or community. Also, calls for Plaintiff's opinion. |
| 379 | 15 | 379 | 23 | Federal Rules of Evidence 401-403 | Irrelevant - Calls for speculation and Plaintiff's opinion. |
| 390 | 22 | 391 | 25 | Federal Rules of Evidence 401-403 | Irrelevant - Calls for Plaintiff's opinion and speculation and has no bearing on the "Four Reasons" |

**Exhibits**

Plaintiff's Exhibits:

| Exhibit | Objection | Basis for Objection |
|---|---|---|
| 1. Photo of Plaintiff | | |
| 2. Photos displayed on Eastern District Courthouse walls | Relevancy: Fed. R. Evid. 401–403; Authentication: Fed. R. Evid. 901 | Photos on the courthouse walls do not relate to the facts of this case |
| 3. Photos of bare-chested male teachers | Relevancy: Fed. R. Evid. 401–403; Authentication: Fed. R. Evid. 901 | There is no evidence anyone in the school saw these photos let alone that they circulated in the schools |
| 4. Photos of People with exposed breasts shown to Giani | Relevancy: Fed. R. Evid. 401–403; Authentication: Fed. R. Evid. 901 | There is no evidence anyone in the school saw these photos let alone that they circulated in the schools. It is misleading to suggest these were "shown to Giani," as the only time this occurred was at his deposition. |
| 5. Giani's "Talking Points" for board meeting 1/23/19 | | |
| 6. Stern's email to Ray 10-19-2020, located agenda doc before | Relevancy: Fed. R. Evid. 401–403 | Counsel's disclosures have nothing to do with the issues in this case. |

| Giani's second deposition | | |
|---|---|---|
| 7. Giani's 2-21-2019 letter to Miranda regarding the reasons to terminate | | |
| 8. Audio Tape Transcript of Giani and Miranda excerpt | Transcript subject to Authentication/Stipulation: Fed. R. Evid. 901; Subject to exclusion of Hearsay: Fed. R. Evid. 802 | Subject to (a) identifying the transcript to be used; and (b) identifying the particular excerpts to be used |
| 9. Briggs' letter to Confidential 6-2-2019 | Relevancy: Fed. R. Evid. 401–403 | This relates to the discipline of another teacher, with tenure, which is not relevant and not a valid comparator |
| 10. Consent Award 10-15-2019 (Confidential) | Relevancy: Fed. R. Evid. 401–403 | This relates to the discipline of another teacher, with tenure, which is not relevant and not a valid comparator |
| 11. Damages Documents: to be provided when and if Plaintiff prevails on liability and Court's ruling on the law (including expert report) | Fed. R. Civ. P. 26 | Plaintiff never provided Fed. R. Civ. P. 26(a) disclosures, despite repeated requests by defense counsel. |

Defendants' Exhibits:

| Exhibit | Objection | Basis for Objection |
|---|---|---|
| A. District's Non-Discrimination and Anti-Harassment Policy (D01107-1112) | | |
| B. Board Policy 3420 entitled "Non-Discrimination and Anti-Harassment in the School District" (D00231-233) | | |
| C. Board Policy 6120 entitled "Equal Employment Opportunity" (D00211-212) | | |

| | | |
|---|---|---|
| D. Board Policy 6411 entitled "Use of Email in the School District" (D00567-569) | Federal Rules of Evidence 401-403. | Irrelevant - The school district's policy for policing its own emails, and use of its email systems has no relevance to any of the issues of fact or law within the case. |
| E. Nelson Briggs' notes from October 27, 2017 meeting with Lauren Miranda (D00570) | Federal Rules of Evidence 401-403, 404 and 901. | Irrelevant - This note about Plaintiff being alone with "Kai" in a dark classroom years before the incident is irrelevant to all material issues of law and fact within the case. Improper Character Evidence - Opposing Counsel is attempting to portray Plaintiff as a "bad person" as to a collateral matter. Authentication - Defendants have provided no evidence that this note is what it purports to be. |
| F. Video footage of middle school from October 12, 2017 (D01069) | Federal Rules of Evidence 401-403. | Irrelevant - This video of Plaintiff and another teacher working together in a classroom is irrelevant to all material issues of law and fact within the case as it took place 2 years prior to the firing of Plaintiff. Improper Character Evidence - this evidence only is used to attempt to show that Plaintiff had improper relations with another teacher, a collateral matter. Unfairly Prejudicial - The only function this evidence serves is to unfairly prejudice the jury to suggest that she is a "bad person" as to collateral matters. |
| G. Video footage of middle school from October 19, 2017 (D01070) | Federal Rules of Evidence 401-403. | Irrelevant - This video of Plaintiff and another teacher working together in a classroom is irrelevant to all material issues |

| | | |
|---|---|---|
| | | of law and fact within the case as it took place 2 years prior to the firing of Plaintiff.<br>Improper Character Evidence - this evidence only is used to attempt to show that Plaintiff had improper relations with another teacher, a collateral matter.<br>Unfairly Prejudicial - The only function this evidence serves is to unfairly prejudice the jury to suggest that she is a "bad person" as to collateral matters. |
| H. PowerPoint presentation entitled "Support Staff Guide to Middle School" that was created by and used for 2018-2019 school year (D00507-525) | Federal Rules of Evidence 401-403. | Irrelevant - This powerpoint shown to students has nothing to do with any material issues of fact or law within the case.<br>Confusing the issues - This powerpoint discusses nothing about the relevant issues in the case, namely the "Four Reasons" nor the possible disturbance. |
| I. PowerPoint presentation entitled "Using Social Media Safely" that was created and used for 2018-2019 School Year (D00543-562) | Federal Rules of Evidence 401-403. | Irrelevant - This powerpoint shown to students has nothing to do with any material issues of fact or law within the case.<br>Confusing the issues - This powerpoint discusses nothing about the relevant issues in the case, namely the "Four Reasons" nor the possible disturbance. |
| J. Topless photo of Lauren Miranda (D00843) | | |
| K. January 10, 2019 note by Student A.M. (D00001) | Federal Rules of Evidence 803 | Hearsay/ No Foundation |
| L. Email from Rosemarie Yovino to Joseph Giani and Nelson Briggs containing a January 11, 2019 summary | Federal Rules of Evidence 403 | Irrelevant |

| | | |
|---|---|---|
| report from Jamal Colson (D00006) | | |
| M. January 11, 2019 email from Joseph Giani to Nelson Briggs (D00009) | | |
| N. February 13, 2019 letter from Joseph Giani to Lauren Miranda (D00065) | | |
| O. February 21, 2019 letter from Joseph Giani to Lauren Miranda (D00037) | | |
| P. February 23, 2019 letter from Lauren Miranda to Joseph Giani (D00080-81) | | |
| Q. March 5, 2019 letter from Joseph Giani to Lauren Miranda (D00071) | | |
| R. March 14, 2019 letter from Lauren Miranda to Joseph Giani (D00072) | | |
| S. March 19, 2019 letter from Lauren Miranda to Joseph Giani (D00075) | Federal Rules of Civil Procedure 26(a)(3)(iii). | |
| T. Julie Torrey's April 16, 2019 *Independent Fact Finder's Report of Findings on Gender Discrimination Allegation*, (sans exhibits) (D001078-1092) | Federal Rules of Evidence 803 401-403 | Ex post facto investigation and report by Defendants' agent/attorney made after it was decided to fire Plaintiff, and draws conclusions which are for the jury, and authenticates "facts" via a purported expert's written hearsay report. |
| U. April 18, 2019 email from Rosemarie Yovino to Joseph Giani containing a message from Jamal Colson (D01031) | Federal Rules of Evidence 401-403. | Irrelevant - What a former student may have heard or may have happened is irrelevant to all material issues of fact and law within the case, and is hearsay and a layman's opinion. |
| V. April 18, 2019 statement by student E.H. (D01032) | Federal Rules of Evidence 401-403 | Irrelevant - A student's recollection of what he/she believes might have, or might not |

| | | |
|---|---|---|
| | | have happened during this incident is irrelevant to all material issues of fact or law within the case. Also hearsay and layman's opinion. Ex post facto evidence after it was decided to fire Plaintiff.<br><br>Wasting time - Allowing Opposing Counsel to substantiate these unsupported claims, made by students who have no heightened knowledge of the situation or circumstances and are merely stating their interpretation of the events at hand, is a waste of the jury's and the court's time. |
| W. April 18, 2019 statement by student A.O. (D01033) | Federal Rules of Evidence 401-403. | Irrelevant - A student's recollection of what he/she believes might have, or might not have happened during this incident is irrelevant to all material issues of fact or law within the case. Also hearsay and layman's opinion. Ex post facto evidence after it was decided to fire Plaintiff.<br><br>Wasting time - Allowing Opposing Counsel to substantiate these unsupported claims, made by students who have no heightened knowledge of the situation or circumstances and are merely stating their interpretation of the events at hand, is a waste of the jury's and the court's time. |
| X. April 18, 2019 statement by student S.O. (D01034) | Federal Rules of Evidence 401-403. | Irrelevant - A student's recollection of what he/she believes might have, or might not |

| | | |
|---|---|---|
| | | have happened during this incident is irrelevant to all material issues of fact or law within the case. Also hearsay and layman's opinion. Ex post facto evidence after it was decided to fire Plaintiff.<br>Wasting time - Allowing Opposing Counsel to substantiate these unsupported claims, made by students who have no heightened knowledge of the situation or circumstances and are merely stating their interpretation of the events at hand, is a waste of the jury's and the court's time. |
| Y.  April 18, 2019 statement by student B.N. (D01035) | Federal Rules of Evidence 401-403. | Irrelevant - A student's recollection of what he/she believes might have, or might not have happened during this incident is irrelevant to all material issues of fact or law within the case. Also hearsay and layman's opinion. Ex post facto evidence after it was decided to fire Plaintiff.<br>Wasting time - Allowing Opposing Counsel to substantiate these unsupported claims, made by students who have no heightened knowledge of the situation or circumstances and are merely stating their interpretation of the events at hand, is a waste of the jury's and the court's time. |
| Z.  April 18, 2019 statement by student E.P. (D01036) | Federal Rules of Evidence 401-403. | Irrelevant - A student's recollection of what he/she believes might have, or might not |

|  |  |  | have happened during this incident is irrelevant to all material issues of fact or law within the case. Also hearsay and layman's opinion. Ex post facto evidence after it was decided to fire Plaintiff. Wasting time - Allowing Opposing Counsel to substantiate these unsupported claims, made by students who have no heightened knowledge of the situation or circumstances and are merely stating their interpretation of the events at hand, is a waste of the jury's and the court's time. |
|---|---|---|---|
| AA. | Joseph Giani's notes dated April 18 and April 25, 2019 (D01037) | Federal Rules of Evidence 401-403 and 901 | Irrelevant - Dr. Giani's plans for his interviews, or what steps he planned to take after he already told Plaintiff she was to be terminated are irrelevant to all material issues of fact and law within the case to be proven under the Court's Order. Authentication - Defendants have provided no evidence that this note is what it purports to be. |
| BB. | Select portions of audio recording of a January 11, 2019 meeting between Jamal Colson, Lisa Zaccaro, Lauren Miranda, Matthew Kinigson, and Jay Burmeister, (D01071), and transcript of audio recording | Federal Rules of Evidence 401-403. | Irrelevant - These conversations have no bearing on the "Four Reasons" nor the alleged school disruption, they are irrelevant to material issues of fact and law within the case. Portions not delineated. |
| CC. | Select portions of audio recording of a conversation between Lauren Miranda and Kai Watkins on January 12, | Federal Rules of Evidence 401-403. | Irrelevant - These conversations have no bearing on the "Four Reasons" nor the alleged school disruption, they are irrelevant to |

| | | |
|---|---|---|
| | 2019 (Plaintiff 0452), and transcript of audio recording | | material issues of fact and law within the case. Portions not delineated. |
| DD. | Select portions of audio recording of a meeting between Nelson Briggs, Lauren Miranda, and Wayne White held on January 14, 2019 as well as Miranda's conversations with her union representatives Wayne White and Matthew Kinigison from before and after the meeting (Plaintiff 0453), and transcript of audio recording | Federal Rules of Evidence 401-403. | Irrelevant - These conversations have no bearing on the "Four Reasons" nor the alleged school disruption, they are irrelevant to material issues of fact and law within the case. Portions not delineated. |
| EE. | Select portions of audio recording of a second phone conversation between Lauren Miranda and Matthew Kinigson on January 14, 2019 (Plaintiff 0456), and transcript of audio recording | Federal Rules of Evidence 401-403. | Irrelevant - These conversations have no bearing on the "Four Reasons" nor the alleged school disruption, they are irrelevant to material issues of fact and law within the case. Portions not delineated. |
| FF. | Select portions of audio recording of a meeting between Lauren Miranda, Wayne White, and Mike Krauthamer held on January 15, 2019 (Plaintiff 0457), and transcript of audio recording | Federal Rules of Evidence 401-403. | Irrelevant - These conversations have no bearing on the "Four Reasons" nor the alleged school disruption, they are irrelevant to material issues of fact and law within the case. Portions not delineated. |
| GG. | Select portions of audio recording of a meeting between Lauren Miranda, Joseph Giani, Nelson Briggs, and Wayne White held on February 4, 2019 as well as Miranda's conversations with Wayne White after the meeting (Plaintiff 0460), and transcript of audio recording | Federal Rules of Evidence 401-403. | Irrelevant - These conversations have no bearing on the "Four Reasons" nor the alleged school disruption, they are irrelevant to material issues of fact and law within the case. Portions not delineated. |

**Relief Sought**

Plaintiff prays for judgement in her favor on each of the claims set forth. Plaintiff seeks in particular, a verdict by the jury that Defendants' Four Reasons were pretexts in discrimination against Plaintiff in accordance with the Court's specific aforesaid ruling. Then, if the Court determines the issues of law it set forth in its Summary Judgment ruling in Plaintiff's favor, Plaintiff would seek to establish Plaintiff's damages in career loss, loss of tenure, loss of benefits, and various expenses, in a sum of $10,000,000.00, and for injunctive relief restoring Plaintiff to her employment with Defendants and to Plaintiff her attendant benefits of employment.

Defendant objects to Plaintiff's damages claim, as Plaintiff never served a computation of damages required by Fed. R. Civ. P. 26(a)(1)(A)(iii), even though Defendants repeatedly demanded compliance, and Plaintiff did not identify and quantify each component of damages alleged in accordance with the requirements of Attachment B in the Civil Case Management Plan. In addition, punitive damages are not available against a school district or school board. *See Brown v. Baldwin Union Free Sch. Dist.*, 603 F. Supp. 2d 509, 519 (E.D.N.Y. 2009) ("[S]chool districts and boards of education are municipal entities immune from punitive damages under Title VII, § 1981, and § 1983.") (citing cases).

**SO ORDERED**

_____
U.S.D.J.

Dated: Brooklyn, New York
      April 25, 2022